LAUPER, APPELLEE, *v.* HAROLD, APPELLANT.

(No. CA85-01-009—Decided September 16, 1985.)

*Gene E. Schaefer,* for appellee.
*Gregory S. Beane,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Butler County.

The parties herein, plaintiff-appellee, Joy Lauper, and defendant-appellant, Neddie Harold, met during 1978 and, after a period of dating, appellant moved in with appellee during June 1980. After living together at appellee's residence until March 1981, the parties moved into a new home which appellant had built at 4425 Millikin Road in Hamilton, Butler County, Ohio. They resided together at the Millikin Road address until May 1983 when appellant told appellee to leave the residence.

When the parties agreed to move to the new residence, appellee sold or otherwise disposed of four rooms of furniture that were at her former address. Some of the furniture was sold to a daughter by a former marriage for $150; the rest was given to the daughter or to others. Appellee valued the furniture at $800. After the parties moved into the new house or while the house was being built, appellee and her children helped appellant paint, stain and wallpaper the house. Appellee selected the color scheme for the house and had some say in the floor plan. Prior to moving to the new home, appellant paid off about $2,200 of appellee's personal debts.

After moving to the Millikin Road address, appellant made mortgage payments on the home of about $410 per month. Appellee did the cooking and cleaning for appellant, herself and two of her children who were also residing at the home. Appellee paid for all utilities associated with the residence and purchased two chairs and some bar stools for the home. Appellee also made approximately ten monthly car payments of $155 on a 1982 Chevrolet Chevette automobile which the parties acquired after moving to the new home. Appellant made a $1,400 down payment on the automobile at the time it was purchased.

At the time the parties moved to Millikin Road, appellee was employed as office manager at Telecommunications, Inc. in Golf Manor, Ohio. After the move, appellee requested to be transferred to the Hamilton, Ohio Telecommunications office because it was closer to the Millikin Road address. Her request was granted, but she was forced to take a ten cent per hour cut in pay. Appellee also asserted that the yearly raises and bonuses were not as high at the Hamilton office as at Golf Manor, and estimated that the job switch cost her approximately $3,000 per year.

On June 23, 1983, appellee filed a complaint in the Butler County Court of Common Pleas demanding judgment against appellant in the amount of $40,000 in actual damages and $10,000 in punitive damages. A claim of common-law marriage was alleged but eventually abandoned, and appellee subsequently sought to recover the above amounts on the basis of unjust enrichment. After a hearing held on November 8, 1984, the trial court entered a judgment in favor of appellee in the amount of $3,200.

In findings of fact and conclusions of law filed on December 11, 1984, the trial court indicated that its award was based on a theory of constructive trust or unjust enrichment. Citing, *inter alia, Marvin* v. *Marvin* (1976), 18 Cal. 3d 660, 134 Cal. Rptr. 815, 557 P.2d 106, the court stated that:

"It is vastly becoming the majority rule that where a man and woman live together without the benefits of marriage, the interests of the parties are to be determined according to their contributions of labor and capital and the courts are granting the relief based upon an unjust enrichment theory or constructive trust theory and are giving the same relief as if the parties were in fact married."

The court accordingly found that appellee was entitled to recover $1,000 for car payments made by her, $800 for the furniture and $1,400 for lost wages.

On January 25, 1985, appellant timely filed a notice of appeal to this court, and now presents the following three assignments of error for our consideration:

### Assignment of Error No. 1

"The trial court's findings that Plaintiff-Appellee was entitled to recover $1,000.00 for car payments, $800.00 for furniture sold at the time the parties began their relationship, and $1,400.00 for lost wages, are not supported by the evidence presented at trial."

### Assignment of Error No. 2

"The trial court erred in rendering any judgment in favor of Plaintiff-Appellee on the basis of Plaintiff-Appellant's [*sic*] only cause of action — that of unjust enrichment or constructive trust."

### Assignment of Error No. 3

"The trial court erred in its conclusions of law based upon the evidence presented at trial."

As indicated above, the court below based its award of $3,200 in favor of appellee on *Marvin, supra.* Other cases cited in support of the decision were *Baskett* v. *Crook* (1948), 86 Cal. App. 2d 355, 195 P. 2d 39; *Smith* v. *Smith* (Ky. 1973), 497 S.W. 2d 418; and *Albae* v. *Harbin* (1947), 249 Ala. 201, 30 So. 2d 459. All of these decisions are from outside the jurisdiction of this court, and we decline to follow them insofar as they recognize a new legal status for persons living together without benefit of marriage.

There are only two types of marriages recognized in Ohio: those entered into by statute (see R.C. 3103.01 *et seq.*) and so-called "common-law" marriages (see R.C. 3105.12; *Umbenhower* v. *Labus* [1912], 85 Ohio St. 238). There is no precedent in Ohio for dividing assets or property based on mere cohabitation without marriage and we think it advisable not to start or follow a trend to the contrary. Both of the parties in the case *sub judice* had been married previously and knew or should have known the advantages and disadvantages of the marriage relationship. They, through either design or happenstance, elected not to marry prior to cohabitation and should have been prepared to bear the consequences.

However, even as we are unwilling to recognize a separate status for unmarried persons who are living together, we acknowledge that in any type of relationship, be it between friends, neighbors, business associates or otherwise, there exists the possibility that one party may become unjustly enriched at the expense of the other. Accordingly, we will evaluate the decision of the court below on this basis, bearing in mind that equity regards as done that which ought to have been done, and that we shall be reluctant to substitute our judgment for that of the trial court unless the trial court's decision is not supported by the evidence or constitutes an abuse of discretion.

First, the trial court awarded appellee $800 for furniture sold when the parties moved to the Millikin Road address. Appellee elected to sell and/or give the furniture to her daughter for a total of $150. The furniture was sold in this less-than-arm's-length transaction by appellee's own choice, or at least as the result of a joint decision by both parties. Certainly it cannot be said that appellant was unjustly enriched by the sale. We therefore conclude that the trial court's decision to award appellee the value of the furniture is unsupported by the evidence and an abuse of discretion.

Second, the court below awarded appellee $1,400 for lost wages. Appellee's decision to change jobs was also done of her own accord, with full knowledge of the consequences in terms of lost wages. Further, the potential pay raises and bonuses that appellee claims she would have received had she remained at Golf Manor are speculative because such raises were admittedly based on merit. Also, after the move appellee had a shorter distance to travel to work and it was no longer necessary for the parties to ride to work together, eliminating a two-hour delay between the time appellee arrived at work and the time her working day commenced. The new arrangement thus was of substantial benefit to appellee even though she did have to accept a cut in pay. Therefore, we find that the trial court's decision to award appellee $1,400 in lost wages was also an abuse of discretion and contrary to the weight of the evidence presented.

Finally, the trial court awarded appellee $1,000 for car payments made on a 1982 Chevrolet Chevette automobile that was titled in appellant's name and that appellant still owns. Both parties concede that appellee made about ten monthly payments of $155 per month on the car. Since appellant is still in possession of the automobile, it was not unreasonable for the trial court to conclude that he was unjustly enriched to the extent of $1,000. Accordingly, this portion of the trial court's award was not against the weight of the evidence and was proper.

Based on the above, appellant's first assignment of error is well-taken as to the $800 awarded for the furniture and the $1,400 awarded appellee for lost wages, but overruled as to the $1,000 awarded for car payments. Appellant's second assignment of error, which asserts that the trial court erred in making an award in favor of appellee based on the theory of unjust enrichment, is similarly sustained as to the awards for the furniture and lost wages and overruled as to the award for car payments. Appellant's third assignment of error, which in essence asserts that the trial court erred in finding a contract between the parties, is sustained because, as stated above, we are unwilling to recognize any type of implied contractual relationship between parties on the basis of cohabitation together without benefit of marriage.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed in part and affirmed in part and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment affirmed in part*
*reversed in part and*
*cause remanded.*

JONES, P.J., HENDRICKSON and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.