SEWARD, Appellant,

v.

MENTRUP, Appellee.

[Cite as *Seward v. Mentrup* (1993), 87 Ohio App.3d 601.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–11–107.

Decided May 10, 1993.

*John Woliver,* for appellant.

*Peter Ulbrich,* for appellee.

---

JONES, Presiding Judge.

Plaintiff-appellant, Cynthia Seward, appeals a summary judgment granted to her former companion, defendant-appellee, Vicki Mentrup, in appellant's action seeking a division of property following the termination of the parties' lesbian relationship.

In November 1981, appellant moved into a home owned by appellee. The parties established joint banking accounts, acquired separately titled automobiles paid for from their joint accounts, accumulated various items of personal property, and purchased an additional parcel of real estate, jointly titled in both names. In addition, the parties spent funds to improve and renovate appellee's residence.

Appellant and appellee terminated their relationship in January 1990, when appellant vacated the residence. The parties retained their respectively titled automobiles and appellant removed all items of personal property to which she laid claim. Appellant also conveyed her interest in the jointly held real estate to appellee in exchange for $2,500.

In March 1991, appellant filed a complaint alleging the following four causes of action: breach of contract, unjust enrichment, a claim of partnership/joint venture, and wrongful conversion. The trial court granted summary judgment to appellee on all claims except appellant's fourth claim for the wrongful conversion of personal property appellant claimed to be her sole property. Upon a determination of no just cause for delay, appellant appealed the summary judgment and, in a single assignment of error, claims the trial court erred in granting summary judgment on her claims for breach of contract and unjust enrichment.

Appellant contends that she is entitled to a legal or equitable division of the property accumulated by the parties' joint efforts during the time they lived together. It is appellant's belief that her relationship with appellee was "more like a marriage," and that consequently, she is entitled to reimbursement for money she contributed toward capital improvements to appellee's residence. Because, in appellant's view, the relationship was like a marriage, any separation between the parties would be "kind of like a divorce, when you leave, you split."

The evidentiary materials clearly indicate that there were no written contracts or agreements governing the parties' relationship. Appellee never conveyed any intention to reimburse appellant for money spent on renovating appellee's property. Despite appellant's perception of the situation, there clearly was no marital relationship between the parties.

This court has previously observed that "[t]here is no precedent in Ohio for dividing assets or property based on mere cohabitation without marriage and we think it advisable not to start or follow a trend to the contrary." *Lauper v. Harold* (1985), 23 Ohio App.3d 168, 170, 23 OBR 411, 413, 492 N.E.2d 472, 474. Based upon *Lauper, supra,* a property division, *per se,* applies only to marriages. We see no reason to deviate from this position. Accordingly, the trial court simply had no authority to divide property absent a marriage contract or similar agreement, and the court correctly granted summary judgment to appellee on appellant's breach of contract claim.

With respect to appellant's unjust enrichment claim, "even as we are unwilling to recognize a separate status for unmarried persons who are living together, we acknowledge that in any type of relationship * * * there exists the possibility that one party may become unjustly enriched at the expense of another." *Lauper, supra,* 23 Ohio App.3d at 170, 23 OBR at 413, 492 N.E.2d at 474. See, also, *Lehman v. Lehman* (June 4, 1992), Cuyahoga App. No. 60823, unreported, 1992 WL 125236. Unjust enrichment occurs where a party retains money or benefits which in justice and equity belong to another. *Hummel v. Hummel* (1938), 133 Ohio St. 520, 528, 11 O.O. 221, 224, 14 N.E.2d 923, 927; *Wacks v. Clermont Cty. Sewer Dist.* (Mar. 16, 1992), Clermont App. No. CA91-

07–050, unreported, 1992 WL 50033. Accordingly, recovery under the theory of unjust enrichment is only proper where one party has been unjustly enriched. *Id.*

■ The evidentiary materials reveal that appellee never promised or indicated that appellant would be reimbursed for improvements to appellee's residence. Appellant assumed that she would be entitled to a division of the improvements' value simply because she viewed the parties' relationship as similar to a marriage. However, appellee was not unjustly enriched; appellant lived in appellee's home for approximately nine years and enjoyed the benefits of the improvements the parties jointly made to appellee's residence. Furthermore, when the parties terminated their relationship, appellant received all that she expected.

We accordingly find that in the absence of a marriage contract or other agreement, the trial court correctly granted summary judgment to appellee on appellant's breach of contract and unjust enrichment claims. *Lauper, supra.* Appellant's assignment of error is hereby overruled.

*Judgment affirmed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.