This is an appeal from a Lawrence County Municipal Court judgment. The court found that Cathleen Shaw, defendant below and appellant herein, had converted items of personal property belonging to Charles Hatten, plaintiff below and appellee herein, and awarded appellee $2,187.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THAT THE VARIOUS ITEMS OF PERSONAL PROPERTY WERE CONVERTED BY SHAW TO HER OWN USE WITHOUT COMPENSATION TO HATTEN AND AWARDING HATTEN JUDGMENT FOR TWO THOUSAND, ONE HUNDRED, EIGHTY-SEVEN DOLLARS ($2,187)."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING HATTEN JUDGMENT FOR A DIVISION OF PERSONAL PROPERTY ACCUMULATED BY PERSONS COHABITATING WITHOUT THE BENEFIT OF MARRIAGE."
THIRD ASSIGNMENT OF ERROR:
 "THE JUDGMENT OF THE TRIAL COURT IS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE."
Our review of the record reveals the following facts pertinent to the instant appeal. Appellee filed a "Small Claim Information Sheet" asserting that appellant had taken various items of personal property that appellant and appellee had allegedly accumulated while living together. Appellee listed the following items as "missing": (1) a diamond ring valued at $3,200; (2) a washer and dryer set valued at $650; (3) a stand-up freezer valued at $650; (4) a television valued at $100; (5) kitchen utensils valued at $250; (6) a Lawnboy mower valued at $100; (7) a CB radio valued at $389; (8) a microwave stand valued at $75; (9) bathroom towels and supplies valued at $100; (10) four pairs of Levi jeans valued at $120; (11) a number of shirts valued at $100; (12) an English Springer Spaniel dog valued at $300; (13) a litter of puppies valued at $600 to $1,500. Appellee also complained that appellant closed the bank account, took appellee's credit card, and turned off utilities that were not in her name. Appellee requested damages in the amount of $3,000.
The magistrate conducted a hearing on appellee's complaint. At the hearing, appellee testified that he and appellant lived together for approximately two years. Appellee informed the magistrate of the items that he believed he had a claim to and gave his estimate as to the value of each item. Although appellee presented no documentary evidence to support his claims, appellee asserted that appellant used appellee's money to purchase the majority of the items. Appellee explained that while the bank account was in appellant's name only, appellant regularly took appellee's paycheck and deposited it into appellant's account. Appellee stated that appellant then took the money out of the account and purchased household items.
Appellant testified that the diamond ring was purchased using her credit card. She presented a receipt illustrating that her name was imprinted on the card. Appellee's signature appeared on the same receipt however. Appellant further stated that she purchased the washer, dryer, freezer, television, and kitchen utensils in her name. To support her assertion, appellant presented her revolving credit application used to purchase the washer, dryer, and freezer. The application revealed that appellant applied for the credit. Appellee's name does not appear on the application. Appellant also claimed that appellee gave her the dog as a Valentine's Day present. Appellant admitted, however, that she deposited appellee's paychecks into her bank account and used appellee's money to make payments on the household items.
On August 7, 1998, the magistrate issued his decision. The magistrate concluded that appellee possessed a one-half interest in the personal property that the parties had accumulated while living together. The magistrate did not, however, specifically list the items he considered to constitute jointly acquired property. The magistrate also failed to assign values to any items of property.
On August 18, 1998, appellant filed objections to the magistrate's decision. In her first objection, appellant complained that the magistrate's decision contained insufficient findings of fact and conclusions of law. In her second objection, appellant argued that the magistrate's finding that appellee's action is an action for conversion is not supported by law. Appellant maintains that one cannot convert property which is jointly owned. In her third objection, appellant asserted that the magistrate's decision that appellee is entitled to one-half of the jointly acquired property is contrary to law and against the manifest weight of the evidence. Appellant contends that Ohio law does not provide a method by which courts may divided the assets of non-married cohabitating couples.
On November 10, 1998, after holding a hearing regarding appellant's objections, the municipal court judge overruled appellant's objections to the magistrate's decision. On November 18, 1998, appellant filed a Civ.R. 52 request for findings of fact and conclusions of law. On December 1, 1998,[1] the trial court issued an entry entitled "Judgment Entry Final Appealable Order."[2] The court's entry reads as follows:
 "Over a course of two years the plaintiff paid for various items of property having a value of two thousand one hundred eighty seven dollars. The court finds that the various items of personalty were converted by defendant to her own use without compensation to plaintiff. The time frame in question was from 1996 through June of 1998.
 Judgment for plaintiff against defendant for $2,187.00, costs and interest from the date of judgment."
Appellant filed a timely notice of appeal.
Initially, we must address a threshold jurisdictional issue. If the judgment entered below does not constitute a final appealable order, then we, as an appellate court, do not have jurisdiction over the present appeal. Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district. See, generally, Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. A final order or judgment is one which affects a substantial right and, in effect, determines the action. R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. In the event that the parties involved in the appeal do not raise the jurisdictional issue, then we must raise it sua sponte. SeeWhitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186,280 N.E.2d 922, 924.
When a party files a Civ.R. 52[3] request for findings of fact and conclusions of law, no final appealable order exists until the trial court enters the requisite findings and conclusions. Walker v. Doup (1988), 36 Ohio St.3d 229, 231,522 N.E.2d at 1074. As the court stated in Walker,36 Ohio St.3d at 230-31, 522 N.E.2d at 1074:
 "`The obvious reasons for requiring findings are `* * * to apprise the petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.' Jones v. State (1966), 8 Ohio St.2d 21, 22, [222 N.E.2d 313, 314]. The existence of findings and conclusions [is] essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error."
(quoting State v. Mapson (1982), 1 Ohio St.3d 217, 219,438 N.E.2d 910, 912-13).
In State v. Clemmons (1980), 58 Ohio App.3d 45, 46,568 N.E.2d 705, 706-07, the court set forth a test for determining whether a given set of findings of fact and conclusions of law is sufficient for meaningful judicial review:
 "Findings of fact and conclusions of law should be clear, specific and complete. The test of their adequacy is "whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence.' 5A Moore, Federal Practice (2 Ed. 1990) 52-142, Section 52.06 [1]. The findings and conclusions of the trial court should respond to all material or determinative issues in the case so that an appellate court can determine the basis for the judgment. * * * * They should be `* * * explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the ground on which the trial court reached its decision.' Alpha Distributing Co. v. Jack Daniel Distillery
(C.A. 9, 1972), 454 F.2d 442, 453."
See, also, In re Gibson (1986), 23 Ohio ST.3d 170, 492 N.E.2d 146; Kroeger v. Ryder (1993), 83 Ohio App.3d 428, 621 N.E.2d 534.
In the case at bar, we must dismiss the instant appeal for lack of a final appealable order. We believe that the trial court's findings and conclusions do not sufficiently enable a challenge to, and a determination of the validity of the basis for, the judgment as to both liability and damages. Kroeger. We are unable to determine from the trial court's findings of fact and conclusions of law the property it determined to constitute jointly acquired property. Moreover, we are unable to determine how the trial court arrived at the final judgment amounts. Additionally, we note that the findings and conclusions failed to adequately distinguish the instant case from other cases that have held that Ohio law does not provide a means by which trial courts may divide property between unmarried, cohabitating individuals. See Dixon v. Smith (1997), 119 Ohio App.3d 308,695 N.E.2d 284 (stating that, under certain circumstances, an unmarried, cohabitating individual may recover under an unjust enrichment theory of recovery); Tarry v. Stewart (1994), 98 Ohio App.3d 533,649 N.E.2d 1; Seward v. Mentrup (1993), 87 Ohio App.3d 601,622 N.E.2d 756; Lauper v. Harold (1985), 23 Ohio App.3d 168,170, 492 N.E.2d 472, 474. The findings of fact and conclusions of law fail to adequately explain how appellee may prevail under a conversion theory.
Accordingly, based upon the foregoing reasons, we dismiss the instant appeal for lack of a final appealable order.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed. Appellee shall recover from appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: ________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] We note that the time and date stamp placed upon the trial court's findings of fact and conclusions of law erroneously lists the date as November 31, 1998. The correct date should read December 1, 1998.
[2] Although not so entitled, apparently, the municipal court's entry was apparently intended to serve as findings of fact and conclusions of law.
[3] Civ.R. 52 provides:
 When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing conclusions of fact found separately from the conclusion of law.