DECISION AND JUDGMENT ENTRY
This is an appeal from a Lawrence County Municipal Court judgment. The court found that Cathleen Shaw, defendant below and appellant herein, had wrongfully taken items of personal property belonging to Charles Hatten, plaintiff below and appellee herein, and awarded appellee $2,174.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THAT THE VARIOUS ITEMS OF PERSONAL PROPERTY WERE CONVERTED BY SHAW TO HER OWN USE WITHOUT COMPENSATION TO HATTEN AND AWARDING HATTEN JUDGMENT FOR TWO THOUSAND, ONE HUNDRED, EIGHTY-SEVEN DOLLARS ($2,187)."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING HATTEN JUDGMENT FOR A DIVISION OF PERSONAL PROPERTY ACCUMULATED BY PERSONS COHABITATING WITHOUT THE BENEFIT OF MARRIAGE."
THIRD ASSIGNMENT OF ERROR:
 "THE JUDGMENT OF THE TRIAL COURT IS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE."
Appellee filed a "Small Claim Information Sheet" alleging that appellant had taken various items of personal property that appellee alleged appellant and appellee had accumulated while living together. The trial court awarded appellee $2,187, finding that the property rightfully belonged to appellee.
On appeal, we concluded that the trial court failed to set forth sufficient findings of fact and conclusions of law.[1] SeeHatten v. Shaw (Sept. 23, 1999), Lawrence App. No. 98 CA 48, unreported.
On remand, the trial court found that: (1) appellee gave his paychecks to appellant; (2) appellant deposited the checks into her personal checking account; and (3) appellant used the money to purchase various items of personal property. The trial court found that after the parties' relationship deteriorated, appellant removed items of personal property from appellee's residence. Appellee claimed that the items belonged to him. The trial court agreed with appellee. Appellant filed a timely notice of appeal.
Appellant's three assignments of error are interrelated and we will address them together. Appellant challenges the trial court's decision to award appellee compensation for the items of personal property. Appellant argues that in light of the fact that Ohio law has no provision for allocating property among unmarried, cohabitating individuals, the trial court had no authority to grant appellee's request for a money judgment.
We initially note that a reviewing court will not reverse a trial court's decision as being against the manifest weight of the evidence if competent, credible evidence supports the trial court's judgment. See Vogel v. Wells (1991), 57 Ohio St.3d 91,566 N.E.2d 154; Ross v. Ross (1980), 64 Ohio St.2d 203,414 N.E.2d 426; C.E. Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus. In determining whether a trial court's judgment is against the manifest weight of the evidence, a reviewing court must not re-weigh the evidence.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80,461 N.E.2d 1273, 1276. An appellate court should not substitute its judgment for that of the trial court when competent, credible evidence going to all of the essential elements of the case exists. As the court stated in Seasons Coal,10 Ohio St.3d at 80, 461 N.E.2d at 1276:
 "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
While we agree with appellant that Ohio law does not have any provision for allocating property among unmarried, cohabitating individuals, see Lauper v. Harold (1985), 23 Ohio App.3d 168,170, 492 N.E.2d 472, 474, we do not agree that the trial court was without authority to make an award to appellee for personal property that the trial court determined rightfully belonged to him. See Dixon v. Smith (1997), 119 Ohio App.3d 308,695 N.E.2d 284 (stating that, under certain circumstances, an unmarried, cohabitating individual may recover under an unjust enrichment theory of recovery). See, also, Seward v. Mentrup
(1993), 87 Ohio App.3d 601, 622 N.E.2d 756.
In the case at bar, the trial court apparently determined that appellant would be unjustly enriched if she were permitted to retain the personal property without compensating appellee. We note that the trial court, when deciding this matter on remand, had the benefit of our decision which indicated that although Ohio law does not provide a means to divide property between unmarried, cohabitating individuals, that under certain circumstances, an unmarried, cohabitating individual may recover under an unjust enrichment theory. See Seward, supra. "Unjust enrichment occurs when a party retains money or benefits which in justice and equity belong to someone else." Dixon,119 Ohio App.3d at 317, 695 N.E.2d at 289; see, also, Restatement, Law of Restitution 12, Section 1 ("A person who has been unjustly enriched at the expense of another is required to make restitution to the other.").
In order to prevail upon an unjust enrichment theory, the plaintiff must establish three elements: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." Dixon, 119 Ohio App.3d at 117-18, 695 N.E.2d at 290.
In the case sub judice, we believe that all three elements are present. The trial court specifically found that the items of personal property were purchased with appellee's money and that appellant would be unjustly enriched if she were allowed to retain the personal property.
Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
 BY: _____________________ Peter B. Abele, Judge
[1] Additional facts pertinent to the instant appeal are stated in our prior opinion.