DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Municipal Court judgment on a claim brought by Paula McCall, plaintiff below and appellee herein, against William Dean Sexton, defendant below and appellee herein.
 {¶ 2} Appellant assigns the following error for review:
 "THE TRIAL COURT FAILED TO MAKE EQUAL DIVISION OF THE SUBJECT OF THIS ACTION WHICH SHOULD HAVE BEEN THE RESULT OF THE PARTITION."
 {¶ 3} The parties previously lived together in Jackson, Ohio, *Page 2 
and jointly acquired various items of personal property. Appellee left the premises and commenced the instant action in which she alleged that appellant wrongfully retained her personal property. Appellant requested replevy of that property, or $2,300 in compensatory damages.[1]
 {¶ 4} At trial both sides gave testimony concerning their individual property and jointly acquired property. At the conclusion of the hearing, the trial court noted that a replevin action did not lend itself to distribution of jointly owned property. Thus, the court instructed each side to file briefs to address that issue.
 {¶ 5} On June 1, 2006, the trial court ordered appellant to return to appellee various items of personal property. The court further noted that the parties jointly owned a dryer and two automobiles (a 1991 Ford Probe and a 1994 Ford pickup truck) that were to be disposed of in the following manner:
 "[T]he Defendant may keep the dryer by paying to the Plaintiff $150 on June 24th. If Defendant decides not to pay the Plaintiff for her half, the dryer shall be *Page 3 
sold and the first $150 given to the plaintiff and the remainder to the Defendant if the selling price is $300 or less. If the selling price is more than $300, the each shall be given one-half of the selling price."
 * * * "The 1991 Ford Probe and 1994 Ford Pickup are jointly owned by titles. The parties are jointly liable on the Loan Central and American General notes. The parties shall either sale [sic] both vehicles and pay the liens or (1) Plaintiff transfer her interest in the 1994 Ford Pickup to the Defendant and the Defendant assume full responsibility for the Loan Central lien, saving the Plaintiff harmless and (2) the Defendant transfer his interest in the 1991 Ford Probe to the Plaintiff and the Plaintiff assumes the full responsibility of the American General lien saving the Defendant harmless. The parties shall advise the Court no later than June 9th Noon as to which they will do."
 {¶ 6} It does not appear from the record that either side notified the court as to how it wished to proceed with these items. Instead, appellant filed the instant appeal.
 I {¶ 7} Before we address the assignment of error on its merits, we must first resolve a threshold jurisdictional issue. Ohio courts of appeals have appellate jurisdiction over final orders. Section 3(B)(2), ArticleIV, Ohio Constitution. A final order is one that, inter alia, affects a substantial right and determines the action. See R.C.2505.02(B)(1).[2] If a judgment is *Page 4 
not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. See Davison v. Reni (1996),115 Ohio App.3d 688, 692, 686 N.E.2d 278; Prod. Credit Assn. v. Hedges (1993),87 Ohio Ap.3d 207, 210, 87 Ohio App.3d 207, 621 N.E.2d 1360; Kouns v.Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.
 {¶ 8} The problem that initially arises in this case is that the record does not reflect how parties have proceeded with the dryer and motor vehicles. In other words, some action must be taken before this case is finally concluded in the trial court. This, in turn, raises the final, appealable, order question.
 {¶ 9} The standard for assessing whether a judgment "determines" the action is whether the judgment disposes of all issues and leaves nothing for further adjudication. See Woodgeard v. Sims Hocking App. No. 05CA18,2006-Ohio-2754, at ¶ 7; Legg v. Fuchs (Nov. 11, 2000), Cuyahoga App. No. 76406; Twinsburg v. Bucky Arnes, Inc. (Sep. 17, 1980), Summit App. No. 9677. Although the parties still must take various steps with respect to the judgment entry, it does not appear that any further issues remain to be adjudicated by the trial court. Thus, the June 27, 2006 judgment "determined" the action and is a final order for purposes of R.C.2505.02. Thus, we have jurisdiction to review this case. *Page 5 
 II {¶ 10} We now turn to appellant's assignment of error. The assignment of error appears to assert that the trial court did not make an "equal division" of the partitioned property. We disagree.
 {¶ 11} Appellee testified that the dryer cost $300. The trial court allowed appellant to keep the dryer, if he reimbursed appellee for her share of the purchase price. Alternatively, the court ordered that the dryer be sold and the sales proceeds divided evenly. This appears to be an "equal" division.
 {¶ 12} As for the motor vehicles, the trial court gave the parties the option to sell (and use the proceeds to pay the liens) or to divide them.[3] This, too, appears to be an equal division. Although no evidence reveals the precise value of these vehicles, we note (1) appellant did not raise this issue at trial and adduced no evidence concerning the value and (2) in any event, appellant received the truck which is, presumably, more valuable than the car. Thus, even if the value of the vehicles partitioned are not precisely equal, it appears that appellant received an equitable share of the distribution.
 {¶ 13} For these reasons, we find no merit to the assignment *Page 6 
of error. In the remaining portion of his brief, however, appellant advances other arguments that do not relate to the actual assignment of error. We now turn to those arguments.
 {¶ 14} Appellant asserts that replevin is "unavailable" to appellee and that, in any event, the trial court could not award a remedy of partition at the same time it awarded replevy of property.
 {¶ 15} A replevin action provides the only means to obtain possession of personal property that one has a right to possess, but is in someone else's possession. See Bono v. McCutcheon, 159 Ohio App.3d 571,824 N.E.2d 1013, 2005-Ohio-299, at ¶ 15; Walther v. Cent. Trust Co., N.A. (1990), 70 Ohio App.3d 26, 31-32, 590 N.E.2d 375. Appellee sought the return of specific chattel held by appellant, and the trial court's final judgment ordered that fourteen items of real property be returned to her. Replevin is a proper theory of recovery under these circumstances.
 {¶ 16} Additionally, although appellee's complaint did not request partition, that remedy could still have been afforded to her as an alternative form of relief. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated as if they had been raised in the pleadings." Civ.R. 15(B). Both parties testified concerning joint property, and appellant raised the issue of partition in his post-trial brief. Appellant can not now complain, at this date, that the partition remedy was treated as if it had been *Page 7 
pled and awarded as an alternative remedy to appellee.
 {¶ 17} Appellant's next argument is that the partition of personal property should have been treated the same way as a partition of real property. In other words, appellant asserts that evidence should have been adduced as to the property's value and the respective equities of the parties.[4] Partition of real estate is governed by statute. See R.C. Chapter 5307.[5] No statute governs the partition of personal property, although such right does exist at common law. SeeCrowthers v. Gullett, 150 Ohio App.3d 419, 781 N.E.2d 1062,2002-Ohio-7051, at ¶ 13. Consequently, although statutory provisions regarding real estate partitions may provide some guidance in personal property partitions, we are not persuaded that those requirements should be followed in every case. For example, it may not be feasible for a court to appoint one or more commissioners to conduct a partition, or to sell property on courthouse steps, (see, e.g., R.C. 5307.04, 5307.12), when dealing with chattel that has very little value.
 {¶ 18} We would also point out that although the trial court *Page 8 
did not assign a value to the personal property that it ordered partitioned, appellant also failed to raise this issue or to adduce his own evidence as to the chattel's value. Thus, appellant waived this issue for purposes of appeal. See Sutterfield v. Sutterfield (May 24, 1991), Adams App. No. 508. Even if the issue had been preserved for appeal, however, we are not persuaded that the failure to provide exact values for these items of property would have necessarily been fatal. The uncontroverted evidence is that the dryer cost $300 when first acquired. Furthermore, according to the judgment, the motor vehicles are over twelve years old. These items have negligible value to begin with, and we are not persuaded that the absence of definitive evidence as to their value renders the partition inequitable. This is particularly so in light of the means by which the property was disposed of by the trial court. Appellee testified that the dryer cost $300, was acquired when she and appellant lived together and that they jointly paid debts.[6]
The *Page 9 
court's judgment simply ordered that appellant either reimburse appellee for her share of the dryer, or that the dryer be sold and the proceeds evenly divided. This division is equitable. As for the motor vehicles, the court ordered they either be sold to pay off liens, or that appellee transfer her interest in the 1994 truck to appellant and appellant transfer his interest in the 1991 Ford Probe to appellee. In light of appellee's testimony that the joint debts were paid by both parties, we cannot find that this disposition is inequitable. To the extent that appellant contradicted appellee's testimony concerning how debts were paid, the trial court was in a better position than we to view the parties and to observe their demeanor, gestures, and voice inflections and to factor those observations when weighing credibility. Myers v.Garson (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742; Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. As trier of fact, the trial court was free to believe all, part or none of the testimony. Rogers v. Hill (1998), 124 Ohio App.3d 468, 470,706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993), 89 Ohio App.3d 35, 42,623 N.E.2d 591. Here, the trial court obviously concluded that appellee's testimony was more credible on this point.
 {¶ 19} Reviewing courts should not reverse a judgment in partition when substantial justice has been done between the *Page 10 
parties. See Purdy v. Purdy (Jun. 1, 1993), Butler App. No. CA-92-10. Given the record before us, substantial justice was achieved here. For these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
[1] The parties are apparently attempting to divide property for which they each, individually, expended their own funds for the purchase of that property. This situation is different than situations in which unmarried, cohabitating couples have attempted to divide property acquired by either party during the course of their relationship much like a domestic relations property division proceeding. We recognize that Ohio law does not provide a means by which courts may simply divide property between unmarried, cohabitating individuals. See Dixon v.Smith (1997), 119 Ohio App.3d 308, 695 N.E.2d 284; Tarry v. Steward
(1994), 98 Ohio App.3d 533, 649 N.E.2d 1, Seward v. Mentruys (1993),87 Ohio App.3d 601, 622 N.E.2d 756; Lauper v. Harold (1985),23 Ohio App.3d 168, 492 N.E.2d 472.
[2] This case does not fall under the special proceeding prong of R.C. 2505.02(B)(2) because "special" proceedings are those that were specially created by statute and did not exist at common law/equity prior to 1853. Id. at (A)(2). Replevin and partition were long recognized at common law/equity. See Oak Hill Firefighters Assn. V. OakHill, Jackson App. No. 01CA16, 2002-Dhio-4514, at 113, fn. 1 (replevin);Greenwald v. Kearns (1957) 104 Ohio App. 473, 476, 145 N. E. 2d 462
(partition). Thus, this case was not a "special" proceeding.
[3] We acknowledge that the trial court made no disposition for any proceeds beyond that necessary to pay the liens, but this was probably in recognition of the fact that the vehicles are fifteen and twelve years old and in all likelihood have negligible value beyond those liens.
[4] Appellant argues "Ohio case law, based upon [Greenwald v.Kearns (1957) 104 Ohio App. 473, 476, 145 N. E. 2d 462] would have the trial court act much as if the property were real estate." He fails to cite a single case, however, to substantiate that claim.
[5] Appellant cites R.C. 2127. 18 in his brief, but that statute involves sale of real estate in probate court proceedings. R.C. Chapter 5307 are the provisions for partition of real estate.
[6] The dissent asserts that the trial court's conclusion that the parties jointly purchased the clothes dryer constitutes reversible error. The dissent accepts Sexton's version of the events and contends that Sexton purchased the clothes dryer with money borrowed from Sexton's employer and that he repaid the debt solely from his wages. We concede that Sexton gave testimony to that effect during the hearing. McCall, however, testified that the parties "paid all the bills together." Generally, a trier of fact hears the evidence, weighs credibility and decides the weight to attach to each piece of evidence.
We believe that the trial court judge, as the trier of fact, did so in this matter. Thus, we disagree with the dissenting opinion's view and we opt to defer to the trial court's decision with respect to witness credibility and the weight of the evidence.