KENDRICK, Plaintiff,

v.

EAST OHIO GAS COMPANY, d.b.a. Dominion East Ohio, Defendant.

2007-Ohio-7266.]

Cleveland Municipal Court, Ohio.

No. 2006 CVH 10647.

Decided Sept. 26, 2007.

Tanesha Kendrick, pro se.

Russell R. Johnson III, John M. Craig, and Carl D. Rafoth, for defendant.

CHARLES L. PATTON JR., Judge.

{¶ 1} The court now has before it plaintiff's complaint for injunctive relief, motion for a preliminary injunction, and application for default judgment; a motion for intervention filed by plaintiff's alleged common-law husband, Jerald Harrison; defendant's motion for an order dismissing the complaint with prejudice; and plaintiff's "affidavit of truth," which the court will construe as a brief in opposition to defendant's motion to dismiss.

{¶ 2} For the reasons explained below, plaintiff's motion for a preliminary injunction and application for default judgment are unpersuasive and have no legal basis, and accordingly are hereby denied. Harrison's motion for intervention is also hereby denied. For the reasons stated herein and for good cause shown, defendant's motion to dismiss is hereby granted.

{¶ 3} The cause is dismissed at plaintiff's costs.

Memorandum of Law.

{¶ 4} In essence, this case is about plaintiff's repeated attempts to require defendant to accept bogus and nonsensical "bonds of acceptance to discharge attachment of the debt" as payment for gas service provided to her.

{¶ 5} The court must admit that "[i]t is hard to know how to approach the virtually impenetrable wall of legalistic gibberish which [plaintiff] has erected." *Mt. Vernon v. Young,* Knox App. No. 2005CA000045, 2006-Ohio-3319, 2006 WL 1781478, quoting *State v. Bob Manashian Painting,* 121 Ohio Misc.2d 99, 2002-Ohio-7444, 782 N.E.2d 701. As ever, "[s]ome people believe with great fervor preposterous things that just happen to coincide with their self-interest." *Coleman v. Commr. of Internal Revenue* (C.A.7, 1986), 791 F.2d 68, 69. Plaintiff apparently contends that the American dollar is worthless, that she is entitled to free gas service, and that quasi-legalistic documents directing a creditor to seek payment from the United States Treasury are an acceptable form of payment. On each of these points, she is badly mistaken.

{¶ 6} In a modern market economy such as our country enjoys, a person is entitled to payment for services rendered. The right to engage in work, and to reap the rewards thereof, is a natural right. *Sanning v. Cincinnati* (1909), 81 Ohio St. 142, 90 N.E. 125. Corporations such as defendant are "persons" within the meaning of the Fourteenth Amendment to the United States Constitution. *Pembina Consol. Silver Mining & Milling Co. v. Pennsylvania* (1888), 125 U.S. 181, 8 S.Ct. 737, 31 L.Ed. 650; see also Sections 1 and 19, Art. I of the Ohio Constitution; *Wheeling Bridge & Terminal R. Co. v. Gilmore* (1894), 8 O.C.C. 658. Corporations are guaranteed the equal protection of the law, including the ability to sue and be sued. *Louis K. Liggett Co. v. Lee* (1933), 288 U.S. 517, 53 S.Ct. 481, 77 L.Ed. 929; *GMS Mgt. Co. v. Axe* (1982), 5 Ohio Misc.2d 1, 5 OBR 53, 449 N.E.2d 43; R.C. 1701.13(A); see also *Manashian,* supra.

{¶ 7} Unjust enrichment occurs when one retains money or benefits that, in justice and equity, belong to another. *Hummel v. Hummel* (1938), 133 Ohio St. 520, 528, 11 O.O. 221, 14 N.E.2d 923; *Seward v. Mentrup* (1993), 87 Ohio App.3d 601, 603, 622 N.E.2d 756. Plaintiff would be unjustly enriched if she had the benefit of gas service provided by defendant for all or part of 2005 and 2006, but did not make full payment for it.

{¶ 8} The court next turns to Harrison's motion for intervention. Harrison indicates that he wishes to "speak on the behalf of [plaintiff]" in this case. He signed plaintiff's motion for a preliminary injunction as plaintiff's "authorized representative." This purported status is also reflected in plaintiff's complaint for injunctive relief, in her application for default judgment, and in her motion for hearing. Harrison also appears listed as such in plaintiff's "Notarial protest/certificate of dishonor," filed herein as Exhibit E; in her "Notice of final discharge of application and—[sic] notice of fault in dishonor," Exhibit G; and in her "Acknowledgement/grant of exclusive power of attorney to conduct business, and legal affairs of principal person," Exhibit J. In the latter document, plaintiff

purported to appoint Harrison as her "private attorney in fact," "grantee authorized rep.," "exclusive attorney-in-fact" and "grantee, attorney in fact."

{¶ 9} Despite this dizzying array of titles, Harrison does not claim to be a licensed attorney in good standing. The Attorney Registration Section of the Supreme Court of Ohio has advised this court that Harrison is not, in fact, a lawyer admitted to practice in Ohio. The Supreme Court has exclusive authority over who may be admitted to the practice of law in this state. Section 2(B)(1)(g), Article IV, Ohio Constitution; *Smith v. Kates* (1976), 46 Ohio St.2d 263, 265, 75 O.O.2d 318, 348 N.E.2d 320. A nonlawyer may not engage in cross-examination, argument, or other acts of advocacy that would constitute the unauthorized practice of law. *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193. Except for those appearing pro se, as plaintiff has already done, only a lawyer may make legal arguments in an official proceeding. *Dayton Supply & Tool Co. v. Bd. of Revision*, 111 Ohio St.3d 367, 2006-Ohio-5852, 856 N.E.2d 926.

{¶ 10} Harrison is not a lawyer and cannot act for plaintiff in that capacity. He is cautioned that any further action by him as a legal representative of plaintiff, or further filings using any terms or titles that might imply such a delegation of authority by plaintiff, will result in a referral to the Cleveland, Cuyahoga County, or Ohio State bar associations for investigation and possible prosecution for the unauthorized practice of law.

So ordered.