[Cite as *Mundy v. Golightly*, 2022-Ohio-83.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ADRIANA MUNDY, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 110382 |
| v. | : | |
| MATTHEW GOLIGHTLY, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 13, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-942634

*Appearances:*

Holland and Muirden and J. Jeffrey Holland, *for appellant.*

Mansour Gavin L.P.A., Tracey S. McGurk, and Danielle M. Easton, *for appellee.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Appellant Adriana Mundy appeals the dismissal of her complaint against appellee Matthew Golightly seeking the partition of a beagle named Mochi she acquired while Mundy and Golightly were living together in the same household.

Because Mundy did not state facts upon which she could maintain an action for partition of personal property, we affirm the trial court's grant of Golightly's motion for judgment on the pleadings.

## I. Procedural History and Facts

{¶ 2} On January 6, 2021, Mundy filed a complaint for the partition of personal property, a beagle named "Mochi." In the complaint, Mundy alleged that she and Golightly cohabitated from approximately September 2014 to May 2019. During the time they cohabitated, Mundy bought the beagle and obtained a dog license for it in her name. Mundy also had the beagle microchipped and registered herself as the owner of the beagle. While cohabitating, Golightly shared the costs for and the care of the beagle. In a conclusory statement, Mundy alleged that Mundy and Golightly "have been co-owners" of the dog. After Mundy and Golightly separated, Mundy's complaint averred that Golightly refused to allow Mundy access to the beagle and sought the equitable remedy of partition.

{¶ 3} Golightly answered the complaint, admitting Mundy purchased the beagle but alleged that the beagle was a gift. Golightly then filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C) arguing that Mundy had not asserted a cognizable claim under Ohio law. The trial court granted Golightly's motion for judgment on the pleadings and dismissed the case. Mundy now appeals the dismissal.

## II. Law and Argument

### A. Assignment of error and standards of review

{¶ 4} Mundy asserts in her sole assignment of error that the trial court erred by granting the motion for judgment on the pleadings because her complaint set forth a claim for partition of jointly owned personal property. Golightly asserts that the trial court properly considered the pleadings and because Mundy asserted no fact other than cohabitation to establish Golightly's ownership of Mochi, she did not assert a claim for partition allowed by Ohio law.

{¶ 5} Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings is determined upon the pleadings, the answer, and any attachments thereto. *Berryhill v. Khouri*, 8th Dist. Cuyahoga No. 109411, 2021-Ohio-504, ¶ 13. In order to be granted a dismissal pursuant to Civ.R. 12(C) "'it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor.'" *Id.* at ¶ 13, quoting *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74, 2002-Ohio-1383, 765 N.E.2d 854. Because a judgment on the pleadings is based on questions of law, the judgment is reviewed de novo. *Id.*, citing *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8.

## B. The trial court properly granted the Civ.R. 12(C) motion for judgment on the pleadings

{¶ 6} The complaint in this case seeks an equitable remedy, partition of personal property.[1] "No statute governs the partition of personal property, although such right does exist at common law." *McCall v. Sexton*, 4th Dist. Jackson No. 06CA12, 2007-Ohio-3982, ¶ 1. The right to partition personal property is limited because Ohio law does not allow a plaintiff to bring a claim for partition of personal property where joint ownership of the property was acquired solely by means of cohabitation. *Williams v. Ormsby*, 131 Ohio St.3d 427, 2012-Ohio-690, 966 N.E.2d 255, ¶ 38-39 ("Ohio does not permit a division of assets or property based on cohabitation."), citing *Lauper v. Harold*, 23 Ohio App.3d 168, 170, 492 N.E.2d 472 (12th Dist.1985); *see also McCall* at ¶ 3, fn. 1, citing *Dixon v. Smith*, 119 Ohio App.3d 308, 695 N.E.2d 284 (3d Dist.1997); *Tarry v. Stewart*, 98 Ohio App.3d 533, 649 N.E.2d 1 (9th Dist.1994); *Seward v. Mentrup*, 87 Ohio App.3d 601, 622 N.E.2d 756 (12th Dist.1993); *Lauper v. Harold*, 23 Ohio App.3d 168, 492 N.E.2d 472 (12th Dist.1985) ("We recognize that Ohio law does not provide a means by which courts may simply divide property between unmarried, cohabitating individuals.").

---

[1] Mundy claims in her reply brief to this court that her complaint should be read to state claims for conversion and breach of contract, despite not explicitly averring those causes of action. "[A]ppellate courts will generally not consider arguments that are raised for the first time in a reply brief." *Tax Ease Ohio, II, L.L.C. v. Leach*, 8th Dist. Cuyahoga No. 110119, 2021-Ohio-2841, ¶ 21, fn. 4, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 90o, ¶ 18.

{¶ 7} A person seeking partition of personal property acquired during cohabitation may, however, maintain the action where the facts of joint ownership are based upon something in addition to or other than cohabitation. *See, e.g., Crowthers v. Gullett*, 150 Ohio App.3d 419, 2002-Ohio-7051, 781 N.E.2d 1062 (5th Dist.) (partition available based upon joint title to manufactured home); *Purdy v. Purdy,* 12th Dist. Butler No. CA92-10-207, 1993 Ohio App. LEXIS 2748 (June 1, 1993), fn. 1 (Partition of property was appropriately based upon terms of partnership agreement despite the acquisition of the property during cohabitation.).

{¶ 8} "A well-pled complaint must include factual allegations going to each element of the claim, and conclusory statements without any factual allegations in support are insufficient." *Torrance v. Rom*, 2020-Ohio-3971, 157 N.E.3d 172, ¶ 56 (8th Dist.), citing *Hendrickson v. Haven Place, Inc.*, 8th Dist. Cuyahoga No. 100816, 2014-Ohio-3726, ¶ 27. Mundy alleged in her complaint that she and Golightly cohabitated, that she bought and licensed the beagle during that time, and that Golightly shared expenses and cared for the beagle. Mundy also asserts in the complaint that Golightly has an ownership interest in the beagle.

{¶ 9} In reviewing the motion for judgment on the pleadings de novo, we accept these facts as true, despite Golightly's answer that the beagle was a gift. However, there is no further fact alleged in the complaint that explains how Golightly acquired an ownership interest in the beagle other than cohabitation and paying maintenance costs for the beagle. In bringing a claim for partition, it is axiomatic that the plaintiff must allege that the property is jointly owned. But

because Ohio law precludes a suit for partition where ownership of personal property was acquired due to cohabitation, Mundy's assertion that Golightly attained an ownership interest, without any explanation other than the fact of cohabitation and voluntary payment of maintenance costs, is insufficient to maintain her claim for partition. As such, the complaint was subject to dismissal under Civ.R. 12(C). *Williams*, *supra*.

{¶ 10} Accordingly, Mundy's sole assignment of error is overruled.

## III. Conclusion

{¶ 11} Mundy filed a partition action for partition of personal property that was acquired during cohabitation. Ohio law precludes an action for partition of property acquired during cohabitation, unless the joint ownership of the property can be established beyond the mere fact of cohabitation. Because Mundy did not allege any fact other than cohabitation upon which Golightly's ownership interest could be found, the trial court properly granted Golightly's Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR