[Cite as *Tax Ease Ohio, II., L.L.C. v. Leach*, 2021-Ohio-2841.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

TAX EASE OHIO, II, L.L.C.,  :

      Plaintiff-Appellant,  :

                            No. 110119

v.  :

JOE LEACH,  :

      Defendant-Appellant.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 19, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-920801

---

### *Appearances:*

Sandhu Law Group, L.L.C., David T. Brady, Suzanne M. Godenswager, Austin B. Barnes, III, Mark M. Schonhut, and Jeffrey A. Panehal, *for appellee.*

Malone Law, L.L.C., John P. Malone, Jr., and Andrew R. Malone, *for appellant.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Joe Leach, appeals from the trial court's judgment overruling his objections to the magistrate's decision that granted summary judgment to plaintiff-appellee, Tax Ease Ohio II, L.L.C. ("Tax Ease") and

ordered foreclosure of the subject real property. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} This case concerns tax certificates purchased by Tax Ease from the Cuyahoga County Treasurer and the ensuing foreclosure action.

> Ohio's tax certificate legislation, R.C. 5721.30 through 5721.43, allows a county government to sell tax certificates to investors. A tax certificate entitles the certificate holder to the first lien on the real property. R.C. 5721.32. A property owner can redeem the certificate and remove the lien by paying the certificate holder the purchase price plus interest, penalties, and costs. R.C. 5721.38. If the property owner fails to redeem the certificates, the tax certificate holder may initiate foreclosure proceedings on the real property after complying with certain statutory requirements.

*Woods Cove II, L.L.C. v. Am. Guaranteed Mgmt. Co., L.L.C.,* 8th Dist. Cuyahoga No. 103652, 2016-Ohio-3177, ¶ 2.

{¶ 3} Leach owns real property located on Emerald Creek Drive in Broadview Heights, Ohio. In 2017, Tax Ease purchased from the Cuyahoga County Treasurer two tax certificates representing the tax liens on Leach's property. In September 2019, after Leach failed to redeem the certificates, Tax Ease filed suit against Leach seeking foreclosure of the subject property to satisfy the liens. Leach answered the complaint, and Tax Ease subsequently moved for summary judgment.

{¶ 4} In its motion, Tax Ease asserted that it was the certificate holder, as defined in R.C. 5721.30(C), of two tax certificates relating to the subject property, and that pursuant to the statutory presumption set forth in R.C. 5721.37(F), the certificates were presumptive evidence of the amount, validity, and nonpayment of

the taxes, assessments, charges, penalties, and interest due on the liens. Accordingly, Tax Ease asserted there was no genuine issue of material fact for trial, and it was therefore entitled to judgment as a matter of law.

{¶ 5} Tax Ease supported its motion with the affidavit of Jade Vowels, who averred that she was an agent of Tax Ease "by virtue of being the Servicing Manager of Cazenovia Creek Investment of tax lien certificates for Tax Ease." She averred that she was familiar with the records maintained by Tax Ease in connection with this matter, and that based upon her review of Tax Ease's records, she had personal knowledge that Tax Ease was the holder and owner of Tax Certificate Nos. B2017-1-259, on which was due and owing $27,704.60 in principal plus interest, and S2018-1-259, on which was due and owing $14,259.92 plus interest. Vowels averred that she had reviewed both tax certificates, and that "a true and accurate copy" of both certificates was attached as exhibit A to Tax Ease's complaint. Vowels further averred that Tax Ease had also paid the Cuyahoga County Treasurer and was due $5,614.36 plus interest accruing from the day it filed its notice of intent to foreclose. Finally, Vowels averred that Tax Ease had not received payment in full of the redemption amount on the tax certificates, and the Cuyahoga County Treasurer had not informed her that he had received any payment on the certificates. Copies of the tax certificates and Tax Ease's notice of intent to foreclose, which was attached as exhibit B to the complaint, were attached to Vowels's affidavit.

{¶ 6} In his brief in opposition to Tax Ease's motion for summary judgment, Leach argued that Vowels's affidavit and attached exhibits did not

establish there was no genuine issue of material fact for trial because Vowels "was not competent to testify" about the matters addressed in her affidavit, and the affidavit did not properly authenticate the attached documents.[1]

{¶ 7} The magistrate subsequently entered a decision granting Tax Ease's motion for summary judgment, finding that Tax Ease was the vested certificate holder, the certificate redemption price on each certificate was due and unpaid, and Tax Ease was entitled to foreclose its lien interests on the property.

{¶ 8} Leach filed a motion to set aside the magistrate's order granting summary judgment, and then filed objections to the magistrate's decision. Both the motion and objections raised the same arguments regarding Vowels's affidavit that Leach had raised in his brief in opposition to Tax Ease's motion for summary judgment. The trial court denied the motion to set aside the magistrate's decision granting summary judgment, finding that Leach had failed to overcome the statutory presumption of the validity of the taxes owed to Tax Ease and further, that Vowels's affidavit "was valid and appropriate evidence submitted in support of [Tax Ease's] motion, as [she] possessed the requisite personal knowledge of the facts attested to in the affidavit and properly authenticated the documents attached to the affidavit." The trial court also entered a journal entry overruling Leach's objections to the magistrate's decision, adopting the decision, and granting judgment in favor of Tax Ease. This appeal followed.

---

[1] Leach also argued there was a genuine issue of material fact regarding whether the conditions precedent to foreclosure had been met. He does not raise this argument on appeal.

## II. Law and Analysis

{¶ 9} Summary judgment is appropriate when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C). The moving party has the initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party satisfies this burden, the burden shifts to the nonmoving party to point to evidence of specific facts in the record that demonstrate the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

{¶ 10} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Id.*

{¶ 11} Leach does not deny his tax delinquency on the subject property. Nevertheless, he contends that the trial court erred in granting summary judgment to Tax Ease because the evidence used to show that the taxes were owed to Tax Ease was inadmissible. Specifically, in his first assignment of error, Leach argues that the tax certificates attached to Vowels's affidavit are hearsay business records and her

affidavit did not lay a proper foundation for their admission. In his second assignment of error, he contends that Vowels was not a qualified witness who could authenticate Tax Ease's business records. Accordingly, Leach contends there was a genuine issue of material fact regarding whether the delinquent taxes are owed to Tax Ease as holder and purchaser of the tax certificates. We consider these assignments of error together because they are related.

{¶ 12} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is inadmissible except under specifically delineated circumstances. Evid.R. 802.

{¶ 13} Under Evid.R. 803(6), business records are not excluded by the rule against hearsay if the record is one regularly recorded in a regularly conducted activity; a person with knowledge of the act or event recorded made the record; the record was recorded at or near the time of the act or event; and the party who seeks to introduce the record lays a foundation for the admission of the records through testimony of the record custodian or another qualified witness. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 171. To lay a proper foundation, "the testifying witness must possess a working knowledge of the specific record-keeping system that produced the document." *State v. Davis*, 62 Ohio St.3d 326, 342, 581 N.E.2d 1362 (1991).

{¶ 14} Leach contends that Vowels's affidavit does not properly authenticate the tax certificates as business records because as an employee of Cazenovia Creek

Investments, a separate company from Tax Ease, she could not have had personal knowledge about Tax Ease's business records. He further contends that Vowels's affidavit was insufficient to authenticate the certificates as business records because it did not state that the certificates were prepared in the regular course of business at or near the time of the act or event recorded, and that they were recorded by a person with knowledge of the act or event recorded. Finally, he contends that because Vowels is not employed at Tax Ease, and her affidavit did not establish that there was an agency relationship between Cazenovia Creek Investments and Tax Ease, she was not a qualified witness who could testify about the tax certificates.

{¶ 15} We need not consider Leach's arguments, however, because the tax certificates are exempted from the hearsay rule under Evid.R. 803(14), which states:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> **Records of documents affecting an interest in property.**
>
> The record of a document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorizes the recording of documents of that kind in that office.

{¶ 16} The Staff Notes to Evid.R. 803(14) explain that "[t]his exception covers deeds and other instruments recorded in a public office. It differs from either the business record exception of Rule 803(6) or public record of Rule 803(8) in that it is not requisite that the document recorded has been prepared in the course of business." Continuing, the Staff Notes state that "[t]his rule relates also to the issue

of best evidence in that the copy on record may be admitted to prove the contents and execution of the original." This court has held that "Evid.R. 803(14) allows the document affecting an interest in property to be admitted as proof of its contents." *Oakwood v. Shackelford*, 8th Dist. Cuyahoga No. 50062, 1986 Ohio App. LEXIS 5486, 8 (Jan. 30, 1986).

{¶ 17} A tax certificate is a tax lien on real property. *Capitalsource Bank Fbo Aeon Fin., L.L.C. v. Donshirs Dev. Corp.*, C.P. No. 11-767170, 2012 Ohio Misc. Lexis 302, 6 (Sept. 13, 2012), *rev'd on other grounds*, 8th Dist. Cuyahoga No. 99032, 2013-Ohio-1563; *see also* R.C. 5721.30(Q) ("'Certificate period' means the period of time after the sale or delivery of a tax certificate within which a certificate holder must initiate an action to foreclose *the tax lien represented by the certificate."*) (emphasis added). And R.C. 5721.35 authorizes the county treasurer to record a tax certificate as "a mortgage of land" in the county recorder's office of the county in which the certificate parcel is situated.[2] Thus, tax certificates are records of documents establishing or affecting an interest in property and are admissible under Evid.R. 803(14) if properly authenticated.[3] Our review demonstrates that Vowels's affidavit properly authenticated the tax certificates at issue in this case.

{¶ 18} Civ.R. 56(E), which sets forth the requirements for affidavits in support of motions for summary judgment, states that affidavits

---

[2] The tax certificates in this case bear stamps noting the date the documents were recorded with the Cuyahoga County Recorder's Office.

[3] Documents must be authenticated or identified prior to their admission into evidence. Evid.R. 901. This requirement is satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.*

shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

{¶ 19} In her affidavit, Vowels averred that she was testifying on the basis of her personal knowledge as Tax Ease's agent. She averred that she was employed at Cazenovia Creek Investment, which is Tax Ease's agent and servicer of tax certificates. She further averred that she had reviewed Tax Ease's records and determined, based upon her review, that Tax Ease was the holder and owner of two tax certificates representing delinquent taxes on Leach's property. Vowels averred that "true and accurate" copies of each certificate were attached to her affidavit. She further averred that Tax Ease had obtained a notice of intent to foreclose from the Cuyahoga County Treasurer, as required by statute; the notice of intent was attached as exhibit B to her affidavit.

{¶ 20} Absent evidence to the contrary, an affiant's statement that his affidavit is based on personal knowledge will suffice to meet the requirement of Civ.R. 56(E). *Deutsche Bank Natl. Trust Co. v. Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 20. Leach offered no evidence to rebut Vowels's assertion that her affidavit was based on personal knowledge as an agent of Tax Ease. His averment in his affidavit attached to his brief in opposition to Tax Ease's motion for summary judgment that "there is nothing in the affidavit to establish a relationship of principal and agent" between Vowels and Tax Ease is incorrect; Vowels's affidavit expressly averred that she was a "duly authorized agent" of Tax Ease. Leach's

assertion that Vowels was required to produce "papers" to demonstrate the principal/agent relationship is similarly incorrect. There is no such requirement under the law, and Vowels's statement of personal knowledge about Tax Ease's records as its agent is sufficient to establish that her affidavit was made upon her personal knowledge, and further, that she was competent to testify about the matters stated in the affidavit.

{¶ 21} Likewise, Vowels's uncontroverted sworn statement that the tax certificates were "true and accurate" copies of the original documents was sufficient to authenticate the tax certificates. "[V]erification of documents attached to an affidavit supporting or opposing a motion for summary judgment is generally satisfied by an appropriate averment in the affidavit itself, such as, for example, that the copies are 'true copies and reproductions.'" *Id.*, quoting *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph three of the syllabus.[4]

{¶ 22} In light of Tax Ease's uncontroverted evidence, the trial court properly granted summary judgment to Tax Ease. Vowels's affidavit and the attached tax certificates established that Tax Ease is the current holder and owner of the certificates. Under R.C. 5721.37(F), the certificates are "presumptive evidence

---

[4] Because we find that Vowels properly authenticated the tax certificates under Evid.R. 901, we find no merit to the argument raised in Leach's reply brief that the certificates are not certified and thus inadmissible under Evid.R. 902, which provides that extrinsic evidence of authenticity is not required where domestic public documents are certified. Moreover, appellate courts will generally not consider arguments that are raised for the first time in a reply brief. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 18.

in all courts and boards of revision and in all proceedings, including, without limitation, at the trial of the foreclosure action, of the amount and validity of the taxes, assessments, charges, penalties by the court and added to such principal amount, and interest appearing due and unpaid and of their nonpayment." Thus, Tax Ease having established that it is the current owner of the tax certificates and the validity, amount, and nonpayment of the taxes due, and Leach having offered no competent evidence in rebuttal, it is apparent there is no genuine issue of material fact regarding Tax Ease's right to foreclose on the subject property. Therefore, the trial court properly overruled Leach's objections to the magistrate's decision and adopted the decision granting summary judgment to Tax Ease and ordering foreclosure of the subject property. The assignments of error are overruled.

**{¶ 23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MARY EILEEN KILBANE, J., CONCUR