**GORNALL, Plaintiff, v. GORNALL et, Defendants.**

Common Pleas Court.   Franklin County.

No. 190,638.   Decided October 25, 1954.

Lynch & Rosenberry, Columbus, for plaintiff.
James E. Buchan, Columbus, for defendants.

## OPINION

By BARTLETT, J.

1. A co-tenant of personal property has a right to have the same partitioned, and the exercise of this right is not subject to the control of another tenant.

2. Demurrer to second cause of action in the petition, (on the ground that the facts therein contained do not constitute a cause of action), is overruled.

The first cause of action is for partition of real estate between tenants in common. The second cause of action sets out there is a grocery store upon part of the real estate described in the first cause, and that "plaintiff and defendant have conducted said grocery store as tenants in common and that there is a large inventory and miscellaneous equipment therein." By incorporation of allegations in the first cause, the plaintiff avers in his second cause of action that "he has a legal estate in fee simple of the undivided one-half part as a tenant-in-common of the following described premises, * * *." A demurrer was filed to the second cause on the ground it did not state a cause of action.

"A petition is not open to demurrer merely because the language used therein is indefinite, uncertain, or vague"; **31 O. Jur. Pleading, Sec. 130, p. 688.**

"It is a universal rule, so well known as hardly to require citation of authority, that for the purpose of testing the sufficiency in law of the facts pleaded,—for its own purpose,—a demurrer confesses the truth of the proper and well pleaded averments of the pleading attacked, and whatever can, by fair and reasonable intendment be implied from those allegations, so far as is necessary to enable the court to determine the sufficiency of the pleading objected to, and no farther."
Ibid, **Sec. 103, p. 661.**

"In thus passing upon the sufficiency of the facts alleged, the court is required to follow the code rule requiring pleadings to be construed favorably to the pleader, and to give to the language of the petition a liberal construction * * * to sustain his pleading; * * * the court must make the most out of a pleading, and not the least."
Ibid, **Sec. 142, p. 700.**

The common law rule that the pleadings be construed most strongly against the pleader—is completely abrogated in Ohio, by the code provision "that the allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties"; (Now §2309.40 **R. C.**). Ibid **Sec. 49, p. 58.**

"At common law owners of personalty could not compel partition, and the entire absence of any remedy at law induced courts of chancery to take jurisdiction of actions for partition of personalty. Though there are decisions to the contrary, it is now the well-settled general rule that a cotenant of personal property has a right to have the same partitioned, and the exercise of this right is not subject to the control of another tenant." **30 O. Jur., Partition, Sec. 32, p. 865;** to same effect, 40 Am. Jur. Partition, Sec. 104, p. 86;

"A tenant in common of personal property has a right to partition,

if partition is possible, and if not, to a regulation of its use equivalent to partition, or a sale."

40 Am. Jur. Ibid, p. 85, citing Pickering v. Moore, 67 N. H. 533.

"Where one of two or more joint owners of personal property which is susceptible of division has taken possession of such property and refuses to make a division thereof, an action in partition may be maintained in equity by one of the joint owners, and the share of each set off to him in severalty, if such share is ascertainable."

Syl. Martin v. Eaton, 18 C. C. (N. S.) p 300.

The foregoing case was on a demurrer to the petition, averring the plaintiff and defendant were joint owners of wheat in equal shares, and that plaintiff desires to have his share set off to him in severalty, with prayer that partition be made of the joint property.

Metcalf, J, in delivering the opinion of the Circuit Court in the foregoing case says on p. 300:

"A demurrer is filed to this petition on the ground that the facts stated do not constitute a cause of action, and it is argued that under the law of Ohio no partition can be made of personal property, and that is the only question we have to decide on this demurrer.

"It is true there is no statute authorizing this proceeding, at least our attention has been called to none, and so far we have been unable to find one. But in the absence of such statute does it necessarily follow that such an action can not be maintained? It is the province of equity to deal with the rights of parties upon principles of natural justice, and when the right ought to be enforced, is clearly just and contravenes no statute or principle of law, surely the absence of a statute specifically defining such right, or establishing some particular method of procedure in obtaining it, or the want of a precedent, should not prevent the court from doing what seems to be equal and exact justice between the parties. When two parties own personal property in common, and it is easily susceptible of division, and the share of each is ascertainable, what more appropriate method can be conceived of disposing of a controversy about it than to divide it between them, and what sound principle can be urged against it? On principle we think the right to partition is clear, and we are not entirely without light from the authorities. 21 A. & Eng. Encl. of L., 1160; Weeks v. Weeks, 5 Iredell Eq., 111 (s. c. Am. Dec., 358); Pell v. Ball, Cheves Ch., 99; Robinson v. Dickey, 52 Am. St. Rep., 417; Pickering v. Moore, 68 Am. St. Rep., 695; Wetmore v. Zabriskie, 29 N. J. Eq., 62; Perry v. Smith, 42 N. J. Eq., 504.

"The demurrer is overruled."

The foot note to the foregoing case is as follows:

"Upon the trial of this case on the merits, at a subsequent term before Norris, Pollock and Metcalfe, JJ., the same conclusion was reached as to the right to partition as announced in the above opinion, and partition of the property was ordered."

"Courts should be, and are, adverse to any rule which will compel unwilling persons to use their property in common. * * * The right of partition, either under the statute or in equity, is remedial in its nature, and should be liberally construed."

30 O. Jur., Partition, Sec. 2, p. 834; Black, et v. Sylvania Producing Co., 105 Oh St 346.

The demurrer to the second cause of action in the petition is overruled. Entry accordingly with exceptions by counsel for defendants