**GREENWALD, Plaintiff-Appellant, v. KEARNS et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24193. Decided October 23, 1957.

I. Greenwald, for plaintiff-appellant.
Alex L. Kearns, Irwin Greene, Walter L. Greene, Martin N. Goulder, for defendants-appellees.

**OPINION**

By SKEEL, PJ.:
This appeal comes to this court on questions of law from a judgment entered for the defendants in the common pleas court of Cuyahoga County upon demurrer (considered by the court as motion for judgment to the pleadings and opening statements). The action is one in partition.

The plaintiff alleges that he is the owner of an undivided one-fourth interest in certain personal property (office furniture and equipment) located at 1101 Hippodrome Building, Cleveland, Ohio. The property is fully described in the petition. The petition alleges that the defendant. Martin N. Goulder, is also the owner of an undivided one-fourth share in such property and that the remaining defendants are owners of the undivided remaining interests. The plaintiff alleges that two of the items enumerated have been removed by the defendants and unless defendants are restrained from removing other items of the described personal property, he will suffer irreparable damage. The plaintiff then seeks his share of the property if it can be equally divided, if not, that the property be ordered sold and the proceeds distributed according to the interests of the parties.

The second cause of action alleges that the defendants, Kearns and

Irwin and Walter Greene, are now using said property in the practice of their profession to the exclusion of the plaintiff and that the value of the use of his share thereof is reasonably worth $50.00 per month beginning November 1st, 1956, at which time the plaintiff vacated the said office.

The court advanced the case for trial so that the prayer for temporary injunctive relief was never passed on.

The answer of defendant Goulder admits the property described in plaintiff's petition is located at 1101 Hippodrome Building in Cleveland; that he was a tenant in such office from January to November, 1956; that he has vacated the office and has a one-fourth interest in the described property and asks the court to protect his interests therein as they are made to appear.

The answer of the remaining defendants, in addition to a general denial, and a denial that plaintiff's petition states a cause of action, alleges that the plaintiff and defendants Kearns and Irwin Greene entered into a written contract on November 22, 1952, which, in part, provided:

1. That a lease for the office at 1101 Hippodrome Building was entered into by defendants Kearns, Irwin Greene and Goulder, with the management of the building, for a three year period from January 1, 1953 to December 31, 1955.

2. That plaintiff Greenwald was desirous of sharing the benefits and obligations of the lease.

3. That the obligations assumed by the plaintiff were as follows:

"1. That I, Greenwald and Milton S. Grossman bind themselves severally and jointly to bear the obligations and to carry out the terms and conditions imposed upon the said A. L. Kearns, Irwin Greene and Martin N. Goulder in said office lease and to share all profits and losses which may arise during said term or during any further occupancy of said suite by said parties upon the expiration of said term, together with all other obligations set forth in this Agreement and required in the operation and management of said law offices. * * *"

"That if a party shall be evicted or shall voluntarily leave said offices, then any amounts contributed by him for equipment, etc., shall automatically be forfeited by him for the benefit of the remaining parties and he shall forfeit all interest in said equipment, etc."

It is then alleged that plaintiff voluntarily vacated the suite November 1, 1956 and thereby surrendered all interests in the property set out in his petition to the defendants Kearns, Irwin Greene and Goulder.

To this affirmative defense, the plaintiff's reply, after admitting the execution of the contract, alleges that the provisions and obligations thereof expired December 31, 1955 and that he thereafter occupied the office on a month to month basis and by agreement with the defendants, the plaintiff retained ownership of an undivided one-fourth interest in the property described and at the time he vacated the office, he was and still is the owner of an undivided one-fourth interest in said property.

The plaintiff in his opening statement reiterated the allegations of his petition. Whereupon the defendant asked judgment—first calling

his request a demurrer and then a motion for judgment. In all events, by this procedure, all of the well plead allegations of the petition, reply and the admissions of the answer and relevant facts stated in the opening statement, must be considered as true in determining the right of the defendants for judgment.

The court granted the motion by the following entry as shown in the transcript:

"April 15, 1957—To Court: A jury having been waived; the defendants demurrer is treated by the Court as a motion for judgment; therefore the defendants' motion for judgment at the close of the plaintiff's opening statement is granted and judgment is rendered in favor of the defendants on the issues joined and against the plaintiff for costs. No record: (Memo: Plaintiff has an adequate remedy at law. See 62 C. J. 528 and 531)."

The plaintiff seeks a reversal of the judgment on the ground that issues of fact are presentd by the pleadings which should have been determined after the presentation of evidence upon trial. The sole basis of the court's judgment is that on the face of the record, it is clearly disclosed that the plaintiff has no lawful right to seek partition of personal property held in joint ownership or as tenants in common by the parties because the plaintiff has available to him an adequate remedy at law.

The issue of whether or not the property described in plaintiff's petition is in fact jointly owned by the parties is presented by the pleadings. The claim of defendants that plaintiff, by contract, waived all claim to an interest in the property is put in issue by the reply and the defendants have no right to a judgment without a trial of that issue.

The right to partition personal property, owned jointly or held by tenants in common in a proceeding in equity, has long been recognized at common law. 68 Corpus Juris Secundum, 57, para 39b, also page 39, Paragraph 24. In 47 C. J. 294, Sec. 66, para, 3, it is said:

"While a contrary view has been taken, the general rule is that personal property of every class may be subjected to compulsory partition, and, of course, this is so where such partition is expressly provided for by statute. The fact that the property is owned in unequal shares does not affect the right to partition. The right to partition has been enforced in respect of shares of stock in a corporation, a cashier's check payable jointly to tenants in common, a joint bank account owned by husband and wife, promissory notes, royalty in oil brought to the surface, looms in a factory, stocks of merchandise, ships, and slaves."

This right was well established before the statutes of Ohio dealt with the subject. It has been held that the fact that even if such an action is now governed by statute that fact does not change its nature as an action in equity. In the case of **Wagner v. Armstrong, 93 Oh St 443, 113 N. E. 397** the court said:

"2. All partition cases were originally cognizable in courts of chancery only and must still be regarded as chancery cases and therefore appealable under such terms and procedure as may be provided by law."

The statute dealing with the partition of real property did not change

the character or scope of the action nor did the statute, because it failed to deal with all phases of partition, thereby and by implication, repeal the common law right to partition of personal property. There are many instances where parties, claiming to be joint owners of personal property as tenants in common, would be wholly without a legal remedy were it not for the chancery jurisdiction of the courts in partition, particularly where such property is not fungible in character and would be (as must be apparent beyond question) incapable (without agreement) of division into equal shares. The authority of the Wagner case, supra, has never been questioned.

In the case of **Gornall v. Gornall, et al., 71 Abs 118,** 129 N. E. 2d 876, in paragraph three of the headnotes, it is said:

"3. A co-tenant of personal property has a right to have the same partitioned, and the exercise of such right is not subject to the control of another tenant."

and on page 119, the court said:

"At common law owners of personalty could not compel partition, and the entire absence of any remedy at law induced courts of chancery to take jurisdiction of actions for partition of personalty. Though there are decisions to the contrary, it is now the well settled general rule that a co-tenant of personal property has a right to have the same partitioned, and the exercise of this right is not subject to the control of another co-tenant."

This statement of the law is found in almost the identical word form in **Vol. 30, O. Jur., page 865, paragraph 32.**

In the case of **Black, et al v. Sylvania Producing Co., 105 Oh St 346,** 137 N. E. 904, the court, in dealing with the right to partition property (here an oil and gas lease) held by joint owners or co-tenants of unsevered interests in the personal property, said, on page 349, quoting from 16 Cyc., 152:

" 'An estate in land is the degree, quantity, nature, or extent of interest which a person has in it. While in its primary and technical sense, the term 'estate' refers only to an interest in land, yet by common usage it has acquired a much wider import and application, being applied to personal property as well as realty, and in its most extreme sense, signifying every thing of which riches or fortune may consist.' "

The authorities are almost unanimous that the right to partition personal property held by joint owners in a proper case has long been recognized by the common law as well as the law of this state.

There remains only the consideration of whether under the facts in this case the defendants' claim that there is an adequate remedy at law available to the plaintiff has merit.

The first suggestion is that he may replevin his property. On the facts pleaded, there is no such remedy available to the plaintiff. If the plaintiff, as part owner, had such a right, so would the defendants who are also part owners. Each could demand possession from the others ad infinitum. This contention is, therefore, without merit.

It is next claimed that the plaintiff could maintain an action in conversion. The court's citation of authority upon which the judgment

was entered is applicable to a wholly different state of facts from what is here presented. There, an actual act of conversion is said to have been committed by one of the co-tenants. In this case the property was accumulated for use in an office at 1101 Hippodrome Building, which by the allegations of the petition, is still at the place contemplated by the co-tenants and in use as intended. There is not the slightest suggestion of the defendants' use of the property (except the ash stands) which could be said to support a claim of conversion. Could it be that the defendants, in continuing in possession, as they have a lawful right to do as owners in common or part owners, commit a trespass on the lawful rights of the plaintiff in the property? Unless there be a trespass, there cannot be an act of conversion which could be the subject of an action. This contention must be decided in favor of the plaintiff.

For the foregoing reasons, the judgment is reversed and cause remanded for further proceedings according to law.

Exceptions noted.

HURD and KOVACHY, JJ, concur.