CROWTHERS, Appellant,

v.

GULLETT, Appellee.

[Cite as *Crowthers v. Gullett,* 150 Ohio App.3d 419, 2002-Ohio-7051.]

Court of Appeals of Ohio,
Fifth District, Knox County.

No. 02CA000011.

Decided Dec. 18, 2002.

Daniel Sean Dice, for appellant.

Jonathon J. Johnson, for appellee.

---

Gwin, Judge.

{¶ 1} Appellant Brian D. Crowthers appeals from a judgment of the Knox County Common Pleas Court dismissing his partition action against appellee, Sarah D. Gullett, for failure to state a claim. He assigns as error:

{¶ 2} "The trial court erred as a matter of law and abused its discretion when it granted appellee's motion to dismiss for failure to state a claim upon which relief may be granted."

{¶ 3} Appellee has failed to file a brief in the instant action, and pursuant to App.R. 18(C), we hereby accept appellant's statement of the facts as correct.

{¶ 4} The parties to the instant appeal were amorously associated in the year 2000. As a result of that relationship, a daughter was born to the parties on March 6, 2001. During the time that appellee was pregnant with the child, the parties decided to live together, and they purchased a manufactured home that was mortgaged in the name of both parties. Both parties appear on the title, and both are obligated on the mortgage. The parties never married.

{¶ 5} Around the time of the child's birth, relations between the parties had soured. Eventually, an action was brought in the Juvenile Court of Knox County concerning parenting and child support of the child and what should be done with the manufactured home. While the juvenile court had jurisdiction over the parenting schedule and child-support issues, it had no authority over the real and personal property issues of the parties. Likewise, the domestic relations division had no jurisdiction over the property issues, because the parties were never married.

{¶ 6} During the judicial process in juvenile court, the parties were at such odds with each other that cohabitation was not an option. Appellant found other accommodations, while appellee remained on the property. She unsuccessfully attempted to refinance the property solely in her name. Appellee became increasingly obstinate on the issue of assistance with mortgage payments. As a consequence, appellant filed the instant action seeking partition of the manufactured home.

{¶ 7} The complaint in partition alleged:

{¶ 8} "1. Upon information and belief, Plaintiff Brian D. Crowthers and Defendant Sarah D. Gullett are holders in common in the following personalty, each owing an undivided one-half interest herein:

{¶ 9} "The manufactured home presently located at 717 North Sandusky Street, Lot # 30, Mount Vernon, Ohio 43050.

{¶ 10} "2. The title to such property was obtained by purchase by the parties."

{¶ 11} Appellee filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. Appellee argued that a partition action lies only for real property and not for personalty. The court granted the motion.

## I

{¶ 12} In order to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. In construing a complaint upon a motion to dismiss for failure to state a claim, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. Id. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint. *State ex rel. Alford v. Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 390 N.E.2d 782.

{¶ 13} While there is no statute in Ohio authorizing proceedings for the partition of personal property, the absence of such statute does not mean that such an action cannot be maintained. *Greenwald v. Kearns* (1957), 104 Ohio App. 473, 476, 5 O.O.2d 219, 145 N.E.2d 462; *Traicoff v. Christman* (May 13, 1982), Monroe App. No. 549, 1982 WL 6131. The general rule is that personal property of every class may be subject to compulsory partition. *Greenwald* at 476, 5 O.O.2d 219, 145 N.E.2d 462. This right was well established before statutes of Ohio dealt with the subject, and the statute dealing with partition of real property did not change the character or scope of the action; nor did the statute, merely because it failed to deal with all types of partition, repeal the common-law right to partition personal property. Id. There are many instances where parties, claiming to be joint owners of personal property as tenants in common, would be wholly without a legal remedy were it not for the jurisdiction of the courts in partition. Id.

{¶ 14} Accordingly, the court erred in dismissing the complaint for failure to state a claim, as an action for partition of personalty may be maintained in Ohio separate and apart from the statute concerning partition of real property.

{¶ 15} The assignment of error is sustained.

{¶ 16}  The judgment of the Knox County Common Pleas Court is reversed. The complaint is reinstated, and this cause is remanded to that court for further proceedings according to law.

Judgment reversed
and cause remanded.

WILLIAM B. HOFFMAN, P.J., and JOHN W. WISE, J., concur.