# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 52

APRIL TERM, A.D. 2026

May 6, 2026

RICHARD Q. NAVARRO,

Appellant
(Plaintiff),

v.

S-25-0234

ANTONIO OROS-GARCIA,

Appellee
(Defendant).

*Appeal from the District Court of Laramie County*
*The Honorable Robin S. Cooley, Judge*

*Representing Appellant:*
    Bernard Q. Phelan, Phelan Law Offices, Cheyenne, Wyoming.

*Representing Appellee:*
    No appearance.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Richard Q. Navarro filed a complaint against Antonio Oros-Garcia seeking partition of two vehicles they own as joint tenants with right of survivorship.  The district court concluded it could not partition personal property and sua sponte dismissed the complaint for failure to state a claim under W.R.C.P. 12(b)(6).  We reverse and remand.

## *ISSUES*

[¶2]    The dispositive issues are:

> 1.    Did the district court err in dismissing Mr. Navarro's complaint under W.R.C.P. 12(b)(6)?
>
> 2.    Does the district court have subject matter jurisdiction over Mr. Navarro's partition complaint?

## *FACTS*

[¶3]    Mr. Navarro and his son-in-law, Mr. Oros-Garcia, own two vehicles—a 2011 Dodge RAM pickup truck and a 2017 Dodge Challenger—as joint tenants with rights of survivorship.  To finance the purchase of the vehicles, they obtained loans totaling $93,683.25.  Although they purchased the vehicles so Mr. Oros-Garcia would have transportation for work, Mr. Navarro made all payments on the loans until they were repaid.  Mr. Oros-Garcia made no payments.

[¶4]    Sometime prior to September 2024, Mr. Oros-Garcia became a fugitive from justice and could not be located.  Because the vehicles were jointly owned, Mr. Navarro could not sell the vehicles or otherwise transfer their titles.  Eventually, Mr. Navarro filed a complaint against Mr. Oros-Garcia seeking partition of the two vehicles.  He sought a declaration that he was the "sole owner of the vehicle[s] [so he could] sell or otherwise deal [with] the vehicle[s] without interference from [Mr. Oros-Garcia] and that the interest of [Mr. Oros-Garcia], if any, be determined and set aside in trust for his benefit, if any[.]"  Mr. Navarro served the complaint on Mr. Oros-Garcia by publication.

[¶5]    Mr. Oros-Garcia did not answer the complaint or file a responsive pleading.  Mr. Navarro moved for and was granted entry of default by the Clerk of the District Court.  Mr. Navarro then filed an application for entry of default judgment with the district court.  The district court did not enter default judgment but instead issued a sua sponte order directing Mr. Navarro "to submit [within 30 days] a third-party valuation of the vehicles in question so that the Court may ensure that it has jurisdiction to hear the case."  When Mr. Navarro failed to supply the requested valuation, the district court issued a second order requiring the valuation to be submitted within 20 days.  It stated such valuation "is essential to the

1

Court's determination as to its jurisdiction to hear the case." Mr. Navarro did not respond to that order, and the district court issued a third order directing him to file the third-party valuation within 20 days or the matter would be dismissed. The court reiterated the valuation was "essential to the Court's determination as to its jurisdiction to hear the case."

[¶6]     Mr. Navarro responded to the district court's third order with a memorandum of law on the jurisdiction of a district court to order partition. He maintained the district court had jurisdiction over his complaint because he was seeking the equitable remedy of partition of personal property, not monetary damages. In the alternative, Mr. Navarro submitted an affidavit outlining the facts relating to the purchase of the vehicles. He averred "[t]he total purchase price of the vehicles as financed equals over $93,683.00. This is the amount in controversy in this case as I have no way to sell or insure the vehicles as presently titled." He also provided J.D. Power retail value estimates showing the combined value of the vehicles was over $30,000.

[¶7]     The district court noted that despite Mr. Navarro filing a memorandum of law and an affidavit, he did not provide the court with the third-party valuation of the vehicles that it had requested on three separate occasions. The court then "[a]ssum[ed] for argument's sake that all of what [Mr. Navarro] assert[ed] in his memorandum and affidavit [was] true and correct" but found "there [was] a significant issue that he cannot overcome: Wyoming's partition statutes govern partition of real and not personal property." *See* Wyo. Stat. Ann. §§ 1-32-101 through -122. On its own motion, the district court determined that Mr. Navarro failed to state a claim upon which relief could be granted and dismissed the complaint under W.R.C.P. 12(b)(6). The basis of the district court's ruling was the fact that vehicles are not real property. The court found Mr. Navarro was "not entirely without relief in this scenario" as he could file a replevin action under Wyo. Stat. Ann. §§ 1-15-301 through -306, but it observed that Wyo. Stat. Ann. § 1-15-302(a)(vi) requires an affidavit outlining the "actual value of the property." The court stated this requirement "seems to suggest that [the actual value of the property] is determinative of whether the matter should be filed in circuit court versus district court."[1]

---

[1] This Court has adopted the federal approach to sua sponte dismissals under W.R.C.P. 12(b)(6). That approach requires the district court to follow a five-step process:

> (1) allow service of the complaint upon the defendant; (2) notify all parties of [the court's] intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state [the court's] reasons for the dismissal.

*Jenkins v. Miller*, 2008 WY 45, ¶ 21, 180 P.3d 925, 932–33 (Wyo. 2008) (quoting *Osborn v. Emporium Videos*, 848 P.2d 237, 241–42 (Wyo. 1993)). Here, the district court notified Mr. Navarro of its intent to dismiss the complaint, but the notification identified the basis for dismissal as his failure to provide the requested third-party valuation of the vehicles. The court did not notify him that the complaint failed to state a claim, as it was for the partition of personal property. As a result, Mr. Navarro did not have an

[¶8]   Mr. Navarro timely appealed.  Mr. Oros-Garcia has not filed a responsive brief or otherwise participated in this appeal.

## DISCUSSION

**I.      *Did the district court err in dismissing Mr. Navarro's complaint under W.R.C.P. 12(b)(6)?***

[¶9]   Mr. Navarro argues the district court erred when it dismissed his complaint for failure to state a claim because, even in the absence of a statute, personal property may be partitioned.  We agree.

[¶10]   Our standard of review of W.R.C.P. 12(b)(6) dismissals is as follows:

> We review Rule 12(b)(6) dismissals de novo.  *Peterson v. Laramie City Council*, 2024 WY 23, ¶ 9, 543 P.3d 922, 926 (Wyo. 2024).  "We examine the same materials and apply the same standards as the district court, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the non-moving party."  *Williams v. Lundvall*, 2024 WY 27A, ¶ 6, 545 P.3d 431, 433 (Wyo. 2024).  "Dismissal is appropriate only if it is certain on the face of the complaint that the plaintiff cannot assert any facts that create entitlement to relief."  *Id.*

*Hull v. N. Lincoln Hosp. Dist.*, 2025 WY 6, ¶ 19, 561 P.3d 791, 796 (Wyo. 2025).

[¶11]   The district court correctly pointed out that Wyoming's partition statutes govern partition of real property, not personal property.  *Martin v. DeWitt*, 2014 WY 112, ¶ 22, 334 P.3d 123, 129 (Wyo. 2014) ("Sections 1-32-101 *et seq.* set forth the procedures for partitioning real property between tenants in common or coparceners." (quoting *Hutchins v. Payless Auto Sales, Inc.*, 2004 WY 22, ¶ 13, 85 P.3d 1010, 1013 (Wyo. 2004))).  It erred in ruling that the absence of a statute allowing for partition of personal property precludes an action for partition of personal property.

[¶12]   "[T]he general rule is that a co-tenant of personal property has a right to have it partitioned."  *Willett v. Clark*, 542 N.E.2d 1354, 1357 (Ind. Ct. App. 1989) (citation omitted).  *See also Killam v. Killam*, 444 P.2d 479, 480 (Or. 1968) ("It has been generally

---

opportunity to respond to the actual basis for dismissal.  Because we reverse and remand on substantive grounds, we need not decide whether the court provided sufficient notice of its intent to dismiss the complaint sua sponte.

held in other jurisdictions that equity will entertain a suit for partition of personal property. *Baughman v. Reed*, 75 Cal. 319, 17 P. 222 (1888); *Julian v. Yeoman*, 25 Okl. 448, 106 P. 956, . . . (1910). We hold that in this jurisdiction a suit for the partition of personal property can be maintained."); 59A Am. Jur. 2d *Partition* § 9 (2015) ("Although partition is predominantly a means of dealing with real property, . . . a suit for the partition of personal property may be maintained. . . . A court has jurisdiction to decree the partition of personal property through its equitable powers. Thus, such items as farm equipment and a life insurance policy are proper subjects of partition." (footnotes omitted)). Jurisdictions have applied the general rule, even though their partition statutes pertain only to real property.

[¶13] In *Crowthers v. Gullett*, Brian Crowthers and Sarah Gullett, an unmarried couple, purchased a manufactured home titled in both of their names. *Crowthers v. Gullett*, 2002-Ohio-7051, ¶ 4, 781 N.E.2d 1062, 1062–63 (Ct. App.). When the relationship deteriorated, Mr. Crowthers filed suit seeking partition of the manufactured home. *Id.* ¶ 6, 781 N.E.2d at 1063. Ms. Gullett moved to dismiss the action for failure to state a claim, arguing "a partition action lies only for real property and not for personalty." *Id.* ¶ 11, 781 N.E.2d at 1063. The trial court granted the motion, and Mr. Crowthers appealed. *Id.* The Ohio appellate court reversed, concluding:

> While there is no statute in Ohio authorizing proceedings for the partition of personal property, the absence of such statute does not mean that such an action cannot be maintained. *Greenwald v. Kearns* (1957), 104 Ohio App. 473, 476, 5 O.O.2d 219, 145 N.E.2d 462; *Traicoff v. Christman* (May 13, 1982), Monroe App. No. 549, 1982 WL 6131. The general rule is that personal property of every class may be subject to compulsory partition. *Greenwald* at 476, 5 O.O.2d 219, 145 N.E.2d 462. This right was well established before statutes of Ohio dealt with the subject, and the statute dealing with partition of real property did not change the character or scope of the action; nor did the statute, merely because it failed to deal with all types of partition, repeal the common-law right to partition personal property. *Id.* There are many instances where parties, claiming to be joint owners of personal property as tenants in common, would be wholly without a legal remedy were it not for the jurisdiction of the courts in partition. *Id.*

> Accordingly, the court erred in dismissing the complaint for failure to state a claim, as an action for partition of personalty may be maintained in Ohio separate and apart from the statute concerning partition of real property.

*Id.* ¶¶ 13–14, 781 N.E.2d at 1063–64. *See also Sims v. Sims*, 1996-NMSC-078, ¶¶ 17, 19–20, 930 P.2d 153, 157 (New Mexico's partition statutes did not abrogate the courts' common-law equitable powers to partition all kinds of property including personal property; by adopting the partition statutes, "the legislature did not intend to limit the remedy of partition exclusively to real property").

[¶14]   We agree with the principles enunciated by the *Crowthers* court.[2]  In the absence of any contrary intention by the legislature, Wyoming's partition statutes did not abrogate or modify the common law rule that personal property may be partitioned. *See Kaycee Land & Livestock v. Flahive*, 2002 WY 73, ¶ 9, 46 P.3d 323, 327 (Wyo. 2002) ("It is not to be presumed that the legislature intended to abrogate or modify a rule of the common law by the enactment of a statute upon the same subject; it is rather to be presumed that no change in the common law was intended unless the language employed clearly indicates such an intention. . . ." (quoting *Allstate Ins. Co. v. Wyo. Ins. Dep't*, 672 P.2d 810, 824 (Wyo.1983))).

[¶15]   We also discern no legal or policy reason to treat personal property differently than real property for purposes of partition. "[P]artition . . . allow[s] joint owners to sever their relationship, if they so desire[.]" *McMillan v. Follansbee*, 93 P.3d 809, 812 (Or. Ct. App. 2004).  Partition is favored by the law for two reasons: (1) it allows cotenants to avoid the "inconvenience and dissension" arising from the joint possession of property and (2) it "[facilitates] transmission of title, thereby avoiding unreasonable restraints on the use and enjoyment of property." *Harvey v. Sessoms*, 663 S.E.2d 210, 211 (Ga. 2008) (quoting 59A Am. Jur. 2d, *Partition*, § 6). *See also LEG Invs. v. Boxler*, 107 Cal. Rptr. 3d 519, 525 (Ct. App. 2010).  As the Supreme Court of New Mexico explained:

> Judicial intervention is sought because there has been a breakdown in the relationships between those who share possession of property.   The parties can no longer cooperatively and peacefully enjoy their rights in that property. [*Chiang v. Chang*, 529 N.Y.S.2d 294, 297 (App. Div. 1988)]. The purpose of partition is to create a way for the parties to avoid the inconvenience and dissension caused by the inharmonious joint possession of the property. *Garcia-Tunon v. Garcia-Tunon*, 472 So.2d 1378, 1378 (Fla. Dist. Ct. App. 1985).  Furthermore, partition "is based upon the principle that no one can be compelled to hold property with another, and it is available to anyone who does hold property in common with another." Andrew L. Gates, III, *Partition of Land and Mineral*

---

[2] Because "Wyoming's partition statutes were modeled after Ohio's code," caselaw from Ohio holding that its partition statutes did not abrogate the common law right to partition of personal property is instructive. *Platt v. Platt*, 2011 WY 155, ¶ 19, 264 P.3d 804, 809 (Wyo. 2011).

> *Rights*, 43 La. L. Rev. 1119, 1119 (1983) (footnotes omitted).
> Partition secures peace, promotes the enjoyment of property,
> and advances industry and enterprise. *Miller v. Miller*, 222
> Kan. 317, 564 P.2d 524, 527 (1977) (discussing benefits of
> partition).

*Sims*, ¶ 46, 930 P.2d at 164. These objectives apply equally to partition of personal property and to partition of real property. *Id.* ¶ 45, 930 P.2d at 164. *See also Killam*, 444 P.2d at 480 ("The joint ownership and attempts to jointly use this boat caused four years of strife and disagreement which should be terminated by partition.").

[¶16] The district court observed that Mr. Navarro was not without a remedy as he could file a replevin action under Wyo. Stat. Ann. §§ 1-15-301 through -306. Mr. Navarro contends a replevin action does not provide him a remedy because such actions seek to recover possession of personal property, and he has possession of the vehicles. We again agree with Mr. Navarro. Replevin is an action to recover possession of personal property. Wyo. Stat. Ann. § 1-15-301 (stating "the plaintiff in an action *to recover the possession of personal property* may claim the delivery of the property to him as provided in this article" (emphasis added)); 66 Am. Jur. 2d *Replevin* § 2 (2021) ("The proper action to reclaim possession of property based on an unlawful seizure or detention is an action for replevin." (footnote omitted)). Mr. Navarro already has possession of the two vehicles. Here, replevin is not necessary to restore possession, and it does not solve the dilemma posed by the vehicles' joint ownership. Consequently, replevin does not provide Mr. Navarro a remedy.

[¶17] Personal property is subject to partition in Wyoming. The district court erred by dismissing Mr. Navarro's complaint under W.R.C.P. 12(b)(6).[3]

## II. Does the district court have subject matter jurisdiction over Mr. Navarro's partition complaint?

[¶18] Although the district court did not dismiss Mr. Navarro's complaint for lack of subject matter jurisdiction, it requested a third-party valuation of the vehicles to "ensure that it has jurisdiction to hear the case." In suggesting that Mr. Navarro could file a replevin action, the court also referenced Wyo. Stat. Ann. § 1-15-302(a)(vi), which requires that the affidavit accompanying the action state the "actual value of the property." These requests and references suggest that the district court believed the value of the vehicles was determinative of whether the case belonged in circuit court or district court. Although we

---

[3] There are two types of partition: (1) partition in kind, where the property is physically divided, and (2) partition by sale, where the property is sold and the sale proceeds are divided between the parties. 59A Am. Jur. 2d *Partition* § 3. We take no position on whether Mr. Navarro is ultimately entitled to partition of the vehicles and, if so, the type of partition to be ordered.

reverse and remand the district court's W.R.C.P. 12(b)(6) dismissal, we address which court has subject matter jurisdiction over Mr. Navarro's partition complaint because the issue is likely to arise on remand and the answer to that question is "critical" as any "action taken by [a court lacking subject matter jurisdiction], other than dismissing the case, is considered to be null and void." *Matter of U.S. Currency Totaling $14,245.00*, 2022 WY 15, ¶ 8, 503 P.3d 51, 54 (Wyo. 2022) (*$14,245*) (quoting *MH v. First Jud. Dist. Ct. of Laramie Cnty.*, 2020 WY 72, ¶ 5, 465 P.3d 405, 407 (Wyo. 2020) (quoting *Devon Energy Prod. Co., LP v. Grayson Mill Operating, LLC*, 2020 WY 28, ¶ 11, 458 P.3d 1201, 1205 (Wyo. 2020))). *See also Matter of U.S. Currency Totaling $54,226.00*, 2025 WY 106, ¶ 8, 576 P.3d 1244, 1248 (Wyo. 2025) (reversing and remanding based on district court's application of the wrong burden of proof but addressing appellant's third argument because it was an issue likely to arise on remand). Which court has subject matter jurisdiction is a legal question reviewed de novo. *$14,245*, ¶ 7, 503 P.3d at 54; *Hitz v. State*, 2014 WY 58, ¶ 8, 323 P.3d 1104, 1106 (Wyo. 2014).

[¶19] The scope of district court and circuit court jurisdiction is well-established. The subject matter jurisdiction of the district courts is governed by article 5, section 10 of the Wyoming Constitution which "grants district courts broad 'original jurisdiction "in all cases and of all proceedings," except those placed within the exclusive jurisdiction of another court.'" *$14,245*, ¶ 9, 503 P.3d at 54 (quoting *MH*, ¶ 8, 465 P.3d at 408 (quoting Wyo. Const. art. 5, § 10)). *See also Woodie v. Whitesell*, 2019 WY 115, ¶ 9, 451 P.3d 1152, 1155–56 (Wyo. 2019) ("Our constitution recognizes broad jurisdiction in the district courts, stating they have 'original jurisdiction of all causes both at law and in equity . . . in which jurisdiction shall not have been by law vested exclusively in some other court[.]'" (quoting Wyo. Const. art. 5, § 10)). "[I]n construing the subject matter jurisdiction of district courts, we presume that jurisdiction exists and any intent to limit it must be clearly stated." *$14,245*, ¶ 9, 503 P.3d at 54 (quoting *MH*, ¶ 5, 465 P.3d at 407).

[¶20] In contrast, "[c]ircuit courts are statutorily created and have only limited original jurisdiction as provided by statute." *Id.* ¶ 10, 503 P.3d at 54. Relevant here, Wyo. Stat. Ann. § 5-9-128(a) gives circuit courts exclusive civil jurisdiction over:

> (i) An action where the prayer for recovery is an amount not exceeding fifty thousand dollars ($50,000.00), exclusive of court costs;
>
> (ii) Actions to recover specific personal property the value of which does not exceed fifty thousand dollars ($50,000.00), exclusive of court costs and shall be prosecuted in accordance with W.S. 1-15-301 through 1-15-306 [replevin actions];
>
> (iii) Actions to foreclose or enforce a lien on or security interest in personal property perfected under the Uniform

7

Commercial Code, W.S. 34.1-1-101 through 34.1-10-104, when the amount claimed on the lien or security interest does not exceed fifty thousand dollars ($50,000.00), exclusive of court costs;

(iv)   Actions for small claims as provided by W.S. 1-21-201 through 1-21-205;

(v)   Actions for forcible entry or detainer as provided by W.S. 1-21-1001 through 1-21-1016;

(vi)   Actions to foreclose and enforce [construction liens as provided by W.S. 29-2-101 through 29-2-113, liens for labor and materials as provided by W.S. 29-4-101 and 29-4-102, liens for labor and services as provided by W.S. 29-5-101 through 29-5-106 and 29-7-101 through 29-7-301, and liens for taxes as provided by W.S. 39-15-108(d) and 39-16-108(d)] when the amount claimed on the lien does not exceed fifty thousand dollars ($50,000.00), exclusive of court costs[;] . . . .

(vii)   Actions to dispose of an abandoned vehicle as provided by W.S. 31-13-112(e), regardless of the value of the abandoned vehicle.

Wyo. Stat. Ann. § 5-9-128(a). Unlike the presumption we apply in favor of district court jurisdiction, we strictly construe circuit court jurisdiction. *$14,245*, ¶ 10, 503 P.3d at 54 (citing *Brown v. State*, 2017 WY 45, ¶ 25, 393 P.3d 1265, 1275 (Wyo. 2017)).

[¶21]   To the extent the district court believed the value of the vehicles was determinative of subject matter jurisdiction, it was mistaken.

[¶22]   In *$14,245*, ¶¶ 3–5, 503 P.3d at 53, the State filed an action in the district court seeking the forfeiture of the $14,245 it seized from Mr. Orosco's vehicle during a traffic stop. Relying on Wyo. Stat. Ann. § 5-9-128(a)(i), Mr. Orosco argued the circuit court, not the district court, had jurisdiction over the action because the amount of the currency was less than $50,000. *Id.* ¶ 20, 503 P.3d at 56–57. We concluded "circuit courts do not have jurisdiction over forfeiture proceedings" and "[t]he district court had general jurisdiction over [the State's] civil forfeiture proceeding." *Id.* ¶ 23, 503 P.3d at 57. In reaching this conclusion, we held Wyo. Stat. Ann. § 5-9-128(a)(i) does not apply to forfeiture proceedings because they are not actions to recover damages but rather are in rem proceedings. *Id.* ¶¶ 20–21, 503 P.3d at 57. We noted:

While subsection (a)(i) grants circuit court jurisdiction over actions that assert a "prayer for recovery," subsections (a)(iii) and (a)(vi) identify other actions over which the circuit courts have jurisdiction, including actions to enforce liens where the amount of the lien does not exceed $50,000. Actions to enforce liens are in rem proceedings. *Lasich v. Wimpenney*, 73 Wyo. 345, 278 P.2d 807, 815 (1955) (action to foreclose mechanics lien is proceeding in rem); 51 Am. Jur. 2d *Liens* § 84 (Nov. 2021 update) ("An action to enforce a lien is usually in the form of a foreclosure action, which is considered to be a proceeding in rem or quasi in rem.") (footnotes omitted). Had the legislature intended a "prayer for recovery" to include in rem proceedings, there would have been no need to separately provide jurisdiction over lien foreclosures. Moreover, had the legislature intended to grant jurisdiction over civil forfeiture proceedings to circuit courts, we can assume it also would have included those proceedings in the list of in rem proceedings for which it did grant jurisdiction.

*Id.* ¶ 22, 503 P.3d at 57.

[¶23] We conclude partition actions are in rem or quasi in rem proceedings and circuit courts lack jurisdiction over partition actions.[4] 59A Am. Jur. 2d. *Partition* § 70 ("A proceeding for partition is analogous to a proceeding in rem. Although partition has been characterized as an in rem proceeding, it also has characteristics of a quasi in rem proceeding and is more properly described as a proceeding quasi in rem[.]" (footnotes omitted)). *See also Fradera v. Fradera*, 350 So. 3d 796, 798 (Fla. Dist. Ct. App. 2022) ("If the cause of action has the object of requiring the court to act directly on property or on the title to property, it is an *in rem* action. [A] partition judgment is unquestionably *in rem*[.]" (citations and quotation marks omitted)); *Cont'l Biomass Indus., Inc. v. Env't Mach. Co.*, 876 A.2d 247, 250 (N.H. 2005) (a partition action is an example of an action in rem); *Gee v. Gibbs*, 253 S.E.2d 140, 143 n.2 (W. Va. 1979) (partition of land is an example of a quasi in rem action). Because partition actions are in rem/quasi in rem proceedings, Wyo. Stat. Ann. § 5-9-128(a)(i), which grants circuit courts jurisdiction over actions that assert a "prayer for recovery," does not apply to them. The legislature listed those in rem proceedings over which circuit courts have jurisdiction in Wyo. Stat. Ann. § 5-9-128(a). The list does not include partition actions. Accordingly, the district court,

---

[4] In general, the difference between in rem and quasi in rem proceedings is the effect of the judgment. *Cont'l Biomass Indus., Inc. v. Env't Mach. Co.*, 876 A.2d 247, 250 (N.H. 2005). An in rem judgment operates "against all the world and is equally binding upon everyone," whereas a quasi in rem judgment "operates as between the parties to the proceedings." 59A Am. Jur. 2d. *Partition* § 70. *See also Nat'l Crude, Inc. v. Ruhl*, 600 P.2d 716, 719 (Wyo. 1979) (quasi in rem actions affect only the interest of the parties in specific property).

not the circuit court, has subject matter jurisdiction over partition actions. *$14,245*, ¶ 23, 503 P.3d at 57. *See also* Wyo. Const. art. 5, § 10 ("The district court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court[.]").

## *CONCLUSION*

[¶24] Personal property is subject to partition. The district court erred when it dismissed Mr. Navarro's complaint for failure to state a claim under W.R.C.P. 12(b)(6). We reverse and remand for further proceedings consistent with this opinion.